In the Matter of Joann VanBUREN, Debtor.

**HOUSEHOLD FINANCE CORPORATION, Plaintiff,**

v.

**Joann VanBUREN, Defendant.**

Bankruptcy No. 3–85–00033.
Adv. No. 3–85–0051.

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 10, 1986.

Stephen D. Miles, Dayton, Ohio, for plaintiff.

David L. Phipps, Dayton, Ohio, for debtor.

## DECISION ON MOTION AWARDING ATTORNEY FEES UNDER 11 U.S.C. § 523(d)

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(I). In the underlying adversary proceeding Household Finance Corporation (hereinafter H.F.C.) sought a determination that the debt due it from the defendant/debtor, JoAnn VanBuren was, under 11 U.S.C. § 523(a)(2), an exception to the defendant's discharge. At the conclusion of the case, for the reasons set forth in its oral decision rendered that day, the court dismissed H.F.C.'s complaint. That decision was not appealed.

The matter is presently before the court on the defendant's motion for attorney's fees pursuant to 11 U.S.C. § 523(d). As part of the relief sought by the debtor, her attorney requests an order of the court granting an award of attorney fees in the amount of one thousand one hundred six dollars and twenty-five cents ($1,106.25) in connection with the defense of the complaint filed by H.F.C.. The court issued a pretrial order requesting that H.F.C. state whether it disputed the number of hours or the reasonableness of hourly rate claimed by the attorney for the debtor. H.F.C. filed a "Motion To Dismiss Or Memorandum In Opposition To Defendant's Motion" and stated it did not dispute the total number of hours claimed or the reasonableness of the hourly rate claimed by the attorney for the defendant. No other material facts are in dispute.

## I. PROCEDURAL BACKGROUND AND ARGUMENTS OF THE PARTIES

H.F.C. alleged in its complaint that the debtor claimed to own certain real estate that she did not in fact own. It was further alleged that this false representation was intentionally made by the debtor in order to induce H.F.C. to make a loan to her and that these actions constituted grounds to determine the defendant's debt to H.F.C. to be an exception to discharge under 11 U.S.C. § 523(a)(2).

At the trial there was conflicting testimony as to oral representations made by the defendant. An H.F.C. manager testified that during a telephone interview the defendant stated that she owned certain real

estate. The defendant testified that she consistently told H.F.C. that she did not own the real estate, but rather her father owned the real estate. The only document bearing the defendant's signature in connection with the loan in question was a document calling for a listing of all debts of the defendant, not all assets of the defendant.

The defendant had obtained several loans from H.F.C. prior to the loan which was the subject of H.F.C.'s complaint in this case. H.F.C. introduced evidence of these prior loans. Specifically, two account cards maintained by H.F.C. as part of its records were introduced at the trial. The first card, dated March 20, 1982, indicated that the defendant's father owned the real estate. A second account card, dated June 5, 1984, again stated that the real estate belonged to the defendant's father.

In her reply memorandum to H.F.C.'s "Motion To Dismiss Or Memorandum In Opposition To Defendant's Motion" the defendant argued that H.F.C.'s own records demonstrated that the defendant did not own the real estate and contradicted H.F.C.'s claim that the defendant had misrepresented ownership. The defendant asserted that because H.F.C.'s position in bringing the action was not substantially justified, she was entitled to an award of attorney's fees.

In its "Motion To Dismiss Or Memorandum In Opposition To Defendant's Motion" H.F.C. contended that its position was substantially justified because no current H.F.C. employee knew that the defendant had informed H.F.C. that she did not own the real estate.

## II. ISSUE PRESENTED

The issue is whether the facts of this case justify an award of attorney's fees pursuant to present 11 U.S.C. § 523(d) (1984 Amendment)—specifically, whether a creditor is substantially justified in proceeding with a complaint to except a debt from discharge, when the creditor's own evidence is not sufficient to sustain a necessary element on which the creditor will bear the burden of proof.

## III. OPINION

In *Thorp Credit, Inc. v. Carmen, (In re Carmen)*, 723 F.2d 16 (6th Cir.1983), the United States Court of Appeals for the Sixth Circuit construed 11 U.S.C. § 523(d) (1982) [1] to be a statutory directive that entitled a debtor to an award of attorney's fees unless the creditor could show that the award would be clearly inequitable. There the court found no clear inequity in awarding fees when a creditor failed to present proof on a single necessary element of its claim. *Id.* at 18.

Although the 1984 Amendments changed the language of § 523(d),[2] it is clear that the section continued the authority of the bankruptcy court to award attorney's fees under the appropriate application of the present statutory standard. While the previous standard required awarding fees unless the award would be "clearly inequitable," the present version requires the awarding of fees if the court finds that the position of the creditor was "not substantially justified" unless "special circumstances would make the award unjust". While the change in language may have increased the court's discretion to deny an award of attorney fees, it is significant to note that the amendment retains the man-

---

**1.** 11 U.S.C. § 523(d) (1982) If a creditor request a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

**2.** 11 U.S.C. § 523(d) (1984) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

datory language that "the court shall grant judgment" in the appropriate circumstance.

Two cases interpreting present § 523(d), *Thorp Credit, Inc. v. Smith, (In re Smith)*, 54 B.R. 299, 13 B.C.D. 900, 902–903 (Bankr.S.D. Iowa 1985), and *Connecticut National Bank v. Panaia*, 61 B.R. 959 (Bankr.D.Mass.1986), hold that a creditor's position in contesting dischargeability is not substantially justified when the creditor fails to establish a single necessary element of its claim.

The change in wording, to the extent it requires a substantive change in the standards to be used by a bankruptcy court in determining awards under § 523(d), did not deprive the court of authority to enter such awards.[3] While case law interpreting the present statute remains scant, it is clear that the within case represents a situation where the standards of the existing statute require the court to enter an award of attorney's fees.

■ Although a creditor who is unsuccessful in contesting the dischargeability of a debt may be substantially justified in its position, particularly if the creditor produces some evidence in connection with each element upon which it bears the burden of proof, the facts in this case demonstrate that the position of H.F.C. was not substantially justified and there are no special circumstances that would make the award unjust.

The essence of H.F.C.'s case was its position that the defendant had failed to disclose that the real estate listed on her application for credit was owned by her father. The evidence introduced by H.F.C. reveals that H.F.C. should have known from its own records that the real estate was in her father's name. A notation on H.F.C.'s initial account card listed the real estate in her father's name. A subsequent account card contained a similar notation that the real estate was in her father's name. The defendant testified she consistently told H.F.C. that her father owned the

real estate. H.F.C. made no attempt to determine the ownership of the real estate by any independent means prior to making the loan, even though its own records should have at least raised a question concerning ownership.

■ H.F.C. had the burden of establishing all of the elements of its § 523(a)(2) claim by clear and convincing evidence. *Martin v. Bank of Germantown, (In re Martin)*, 761 F.2d 1163, 1165 (6th Cir.1985). All of H.F.C.'s written records demonstrate its specific knowledge that the defendant's father owned the real estate; or, demonstrate, at a minimum, that a question could exist concerning the ownership of the real estate. In such a situation H.F.C. cannot produce a portion of its records—those favorable to its position, and ignore another portion of its records—those that contradict its claim, and assert that its position is substantially justified. If H.F.C. did not deem it necessary to examine its own records or otherwise determine the ownership of the real estate in question in order to grant or deny the loan to the defendant, a different determination must be made by H.F.C. and its counsel when it considers filing a complaint pursuant to 11 U.S.C. § 523(a)(2). It must consider whether such a filing is substantially justified. Such a consideration is not whether H.F.C. would prevail on its complaint; but, whether it can produce some evidence on all necessary elements of its claim that, at a minimum, is not contradicted by its own records. H.F.C. had to realize that it could not meet its burden to establish by clear and convincing evidence proof that the defendant made a false statement about real estate ownership.

This case presents a clear example of facts warranting an award of attorney's fees. Since there is no dispute as to the reasonable amount of the fees, judgment is entered for the defendant, JoAnn VanBuren, for one thousand,

---

**3.** See generally, Morris, *Substantive Consumer Bankruptcy Reform In The Bankruptcy Amend-* *ments Act Of 1984*, 27 Wm. & Mary L.Rev. 91, 133–137 (1985).