**MANUFACTURERS HANOVER TRUST COMPANY, Plaintiff/Appellant,**

v.

**Perry and Joan HUDGINS, Defendants/Appellees.**

No. 86 C 5012.

United States District Court, N.D. Illinois, E.D.

Jan. 15, 1987.

Lawrence Friedman, Steven J. Sensibar, Chicago, Ill., for plaintiff/appellant.

Donald H. Geiger, Waukegan, Ill., for defendants/appellees.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This case comes to us on appeal from the bankruptcy court following a 45–minute bench trial, before the Honorable John D. Schwartz, concerning the dischargeability of charge card debt incurred by Perry L.

Hudgins and Joan Hudgins, husband and wife.[1]

Manufacturers Hanover Trust filed an adversary complaint objecting to the discharge in bankruptcy of amounts owed it by the Hudgins incurred by use of a credit card during the months preceding the Hudgins' filing of a voluntary petition in bankruptcy. Manufacturers Hanover Trust had issued to the debtors an unsolicited VISA card with a $2,000.00 credit limit. Manufacturers Hanover Trust alleged in its complaint that the Hudgins obtained money from Manufacturers Hanover Trust by false pretense, false representation or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). Manufacturers Hanover Trust also alleged that the debts were incurred while the Hudgins were insolvent and knew they would be unable to repay the debt and that they intended that the debts would be resolved by the filing for bankruptcy. The amount in question is $1,562.43.

The debtors Hudgins denied the substance of the complaint. Manufacturers Hanover Trust, as plaintiff, had the burden of proof. Ordinarily it should have offered a witness who could identify the various charge records as made by the Hudgins. Apparently, because there was no connecting flight between O'Hare International Airport and the Waukegan Airport, an hour drive from O'Hare, Manufacturers Hanover Trust was unable to provide a witness. (The record does not reveal why the witness could not take ground transportation.) Thus, plaintiff's counsel was forced to prove its case by the use of the defendants, as adverse witnesses. Plaintiff's counsel presented the Hudgins with exhibits which the bankruptcy court judge found illegible and which the Hudgins had never seen until their depositions. Needless to say, the illegible and unidentified records of the Hudgins' charges were not admitted as evidence. Plaintiff Manufacturers Hanover Trust, although knowing well in advance that these records would not be admitted, persisted in bringing the matter to trial, apparently hoping that by skillful examination of the adverse witnesses he could get them to admit in court what they had not admitted in their previous depositions, specifically, that at the time the Hudgins used the VISA card, they had no intention or ability to pay for the charges. The bankruptcy judge found that plaintiff did not put forth any evidence to support this theory, found for the defendants Hudgins and allowed the discharge of the debt.

Plaintiff Manufacturers Hanover Trust raises eight issues on appeal.

■ The first issue Manufacturers Hanover Trust raises is whether the bankruptcy judge erred by refusing to apprise Manufacturers Hanover Trust's counsel of the basis for an objection by the Hudgins' counsel. Under Fed.R.Evid. 103, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected...." At page 16 of the trial transcript, Manufacturers Hanover Trust's counsel asked Mrs. Hudgins a question designed to "determine whether the Hudgins' monthly expenses were greater than their monthly income." During the trial, the Hudgins' counsel, Mr. Geiger, stated, "I'm going to object" in response to a question Manufacturers Hanover Trust's counsel, Mr. Sensibar, asked of Mrs. Hudgins. The Court then sustained the objection, and Mr. Sensibar asked for a basis and was informed by the Court that his question was not a proper question. Regardless of whether this was a sufficient or insufficient explanation from the court, the fact remains that the next question Mr. Sensibar asked Mrs. Hudgins was whether "[f]or the month of May, did your expenses exceed your income?" To which she replied, probably so. Mrs. Hudgins replied in a similar manner to each of Mr. Sensibar's following questions for the months of June, July and August. Therefore, if, as Mr. Sensibar claims, he was trying to prove that the Hudgins' expenses for those months were greater than their monthly income, he was successful in doing so. The bankruptcy judge did not find this fact relevant, a finding that is not contested. Accordingly,

---

1. For clarity purposes, we will refer to both Perry and Joan collectively as the "Hudgins."

the error, if any, was harmless and did not affect a substantial right of plaintiff.

■ The next alleged error is that the bankruptcy judge improperly sustained an objection to a question on the grounds of relevancy. Mr. Sensibar asked Mrs. Hudgins, "Did you ever complain to Manufacturers Hanover that there were charges on your statement which you didn't make?" When Mr. Geiger objected, the court sustained the objection on the grounds that the question was irrelevant.[2] Plaintiff Manufacturers Hanover Trust contends that it was attempting to establish an account stated. Yet, at this point in the trial the statements had never been admitted into evidence, and the judge had ruled that they would not be admitted by trying to refresh Mrs. Hudgins' recollection. (Tr. 23). The exhibits Manufacturers Hanover Trust tried to introduce were not identified nor readable. Thus, the question was irrelevant because it referred to something not in evidence and not likely to be admitted into evidence. Therefore, we find that the bankruptcy judge did not err in sustaining the objection.

■ Manufacturers Hanover Trust also charges that the bankruptcy judge erred by sustaining an objection to an inquiry on the grounds of materiality. Plaintiff's attorney, while attempting to get Mrs. Hudgins to testify that she remembered using plaintiff's VISA card to make a purchase from Lane Bryant, asked her, "But, you did make purchases from Lane Bryant though?" To this question, the Hudgins' counsel stated, "I am going to object to that question. It's immaterial." The court then stated, "And it [is] redundant. I will sustain the objection." The record reveals that the question was indeed redundant as the plaintiff's attorney, only two questions earlier asked Mrs. Hudgins, "Have you ever purchased any goods from Lane Bryant?" To which she replied, "Yes, I have." (Tr. 31). Thus, he was able to ask the witness the question just two questions earlier, and he got his answer. Accordingly, the bankruptcy judge's ruling, even if incorrect, was harmless error.

■ The next alleged error is that the bankruptcy judge incorrectly sustained defendant's objection to another question on the grounds of relevancy. Plaintiff's counsel asked Mrs. Hudgins the following: "Do you think you charged at least $100 for the month of July on your credit card?" The court, stating that it did not see where the question related to any evidence, sustained defendant's objections. (Tr. 34). A review of the record reveals that by this point in the trial Mrs. Hudgins had testified that she did not recall what she charged each month (Tr. 20), that she did not recall how much she charged in June (Tr. 21), that she did not recall how much she charged in July (Tr. 21), and that her memory was not refreshed by looking at the unreadable exhibits tendered by the plaintiff as to whether or not she made the charges as indicated on the exhibits (Tr. 31). The bankruptcy judge had specifically ruled that the proffered exhibits would not be admitted by refreshing Mrs. Hudgins' recollection (Tr. 23), a ruling that is not being contested. Thus, the question was irrelevant as it did not relate to any evidence already received, nor did it relate to any evidence likely to be received, and it was redundant. Therefore, the bankruptcy judge's ruling was correct.

■ Manufacturers Hanover Trust argues that it was an abuse of discretion for the bankruptcy judge to stop Mr. Sensibar's questioning of Mrs. Hudgins. Yet, plaintiff makes no effort to show this Court what questions it was not allowed to ask or what evidence it was not permitted to introduce because the bankruptcy judge concluded Mr. Sensibar's questioning of

---

2. The parties do not specify what our standard of review is as for review of the evidential rulings by the bankruptcy court judge. The standard of appellate review on questions of admissibility and relevancy of evidence is that such rulings are committed to the trial court's discretion and will only be overturned if there is an abuse of discretion. *See generally* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* § 401[01] (1986). We need not, however, decide whether this same standard of review applies to a district court's review of a bankruptcy court's evidential ruling in this case because we find that the bankruptcy court's ruling was correct under any standard of review.

Mrs. Hudgins. Thus, any error, if any, was harmless.

■ Next, it is contended before us that the bankruptcy judge abused his discretion by "improperly displaying impatience, manifesting hostility toward counsel, and criticizing and denigrating Plaintiff's case." The bankruptcy proceeding was a bench trial. However, the cases plaintiff Manufacturers Hanover Trust cites to support its contention are inapposite as they both concern judicial impropriety in the context of a jury trial. *People v. Bickham*, 91 Ill.App.2d 465, 235 N.E.2d 400 (1968); *People v. Kelley*, 29 Ill.2d 53, 193 N.E.2d 21 (1963). Plaintiff's citation to American Jurisprudence 2d is also inappropriate, as it too refers to judicial impropriety in the context of a jury trial. 75 Am.Jur.2d *Trial* § 118 (1974). The purpose of requiring judges to constrain themselves from making denigrating statements about one party's counsel in the presence of the jury is that such statements, made by a judicial authority, have a tendency to unfairly prejudice the jury against that party. There are no such concerns in the context of a bench trial.

Whether or not there are any limits to judicial conduct and comments in the context of a bench trial, we do not find that the comments the bankruptcy judge made were out of line or particularly egregious in the context of this trial. Plaintiff had the burden of proof in this case, its failure to bring in a witness to identify its key evidence was the reason its case failed.[3] Accordingly, we find that the bankruptcy judge did not abuse his discretion by making improper comments during the course of the trial.

Finally, plaintiff Manufacturers Hanover Trust alleges the bankruptcy judge erred by awarding attorney's fees, witness fees and costs to defendants pursuant to 11 U.S.C. § 523(d) (Supp. III 1985).[4] The bankruptcy judge, however, awarded such costs alternatively pursuant to Fed.Bankr. R.P. 9011,[5] and 28 U.S.C. § 1927 (1982).[6]

Plaintiff Manufacturers Hanover Trust makes no arguments concerning the applicability of Rule 9011 and section 1927. Because we find that the bankruptcy judge did not abuse his discretion in awarding attorneys' fees and costs under 11 U.S.C.

**3.** In essence, plaintiff accuses the judge of encouraging the defendants to perjure themselves. "From the Judge's comments and criticisms, the Defendants were unfairly prompted not to remember, not to understand or not to know.... The Defendants can only have been heartened and given an [sic] strong psychological boost by a feeling that the trial judge was in their corner." Plaintiff had two opportunities to question each of the defendants, once during the trial, where these alleged improprieties took place, and previously in a deposition. Plaintiff's counsel had been unsuccessful in getting the defendants to remember in their depositions when the judge was not present, so it is not surprising that they still could not remember in court.

**4.** Section 523(d) provides the following:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds the position of the creditor was not substantially justified, except that the court shall not award such cost and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d) (Supp. III 1985).

**5.** (a) Signature

Every petition, pleading, motion, and other papers served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in his individual name.... The signature of an attorney or party constitutes a certificate by him that he had read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation....

F.Bankr.R. 9011.

**6.** Section 1927

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1982).

§ 523(d), we do not address the correctness of the bankruptcy judge's alternate holding.

Section 523(d) allows an award of fees and costs against a creditor who brings an action on a consumer debt under section 523(a)(2) for nondischargeability of a debt if the creditor's position is not substantially justified, absent "special circumstances." The legislative history reflects that the purpose of this subsection is to discourage creditors from bringing actions in hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess. 131, *reprinted in* 1978 U.S.Code Cong. & Admin.News pp. 5787, 5963, 6092. It was enacted to correct creditor practices that violated the spirit of the bankruptcy code by preventing a consumer debtor from getting a fresh start.

Plaintiff Manufacturers Hanover Trust argues that the bankruptcy judge erred or abused his discretion by granting defendants attorneys' fees and costs under section 523(d) for two reasons. First, Manufacturers Hanover Trust argues that because it initiated this suit in good faith, regardless of its ability to prove its case, that it should not have to pay attorneys' fees under section 523(d). For this proposition, plaintiff Manufacturers Hanover Trust cites a case decided under a different version of the current section 523(d), *In re Archangeli*, 6 B.R. 50 (Bankr.D.Me.1980).[7]

■ The pre-amendment standard for awarding fees was to award the fees unless it was clearly inequitable to do so. Now, however, the standard for awarding fees has changed. Fees and costs are to be awarded if the position of the creditor was not substantially justified, and special circumstances do not make the award unjust. Plaintiff, instead of arguing that its position was substantially justified, concen-

trates on its motives for bringing the suit. We are not persuaded that a creditor's motive in bringing a suit is decisive, if the suit is still not substantially justified. "Lawyers sometimes file first and think later." *In re TCI Ltd.*, 769 F.2d 441 (7th Cir.1985). It is a party's responsibility to review its legal position before filing a suit to determine the dischargeability of a consumer debt under section 523(a)(2), and to continually review that position as discovery proceeds. In this case the bankruptcy judge made specific factual findings concerning this issue. Plaintiff Manufacturers Hanover Trust does not contest those findings and we, as a district court reviewing the findings of fact of a bankruptcy judge, must accept such findings unless they are clearly erroneous. Fed. Bankr.R.P. 8013, *In re Pearson Brothers Co.*, 787 F.2d 1157 (7th Cir.1986). The bankruptcy judge made the following findings which are relevant to this issue:

1. That the plaintiff, Manufacturers Hanover Trust Company, has failed to submit any credible evidence that it is entitled to any relief under the provisions of section 523(a)(2) of the Bankruptcy Code.

2. That the plaintiff, Manufacturers Hanover Trust Company, prior to trial was aware that it would be unable to produce any credible evidence in support of the relief it requested under the provisions of section 523(a)(2) and was also aware that no witness would be available to testify in its behalf in respect to exhibits it proposed to submit into evidence.

3. That the plaintiff was aware prior to trial that its complaint was not substantially justified, to wit, that the basis of the bankruptcy was Joan Hudgins' business debts arising out of the closing of her real estate brokerage business in June of 1985.

---

**7.** Section 523(d) was amended in 1984, and the previous version used a different test to determine if the debtor should be awarded attorneys' fees and costs:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judg-

ment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

11 U.S.C. § 523(d) (1980) (current version at 11 U.S.C. § 523(d) (1982 & Supp. III 1985)).

4. That debtors did not consult with a lawyer until one week prior to the commencement of the case on August 28, 1985.

5. That the plaintiff knew that it would be unable to introduce the history of its debtors' charges without a credible witness yet proceeded to trial without any such witness.

6. Contrary to allegations contained in the complaint, the credit card issued to the debtors was unsolicited.

7. That the plaintiff, Manufacturers Hanover Trust Company: (i) never intended to have a competent witness present at the trial; (ii) filed the complaint for the purpose of intimidation; (iii) made an unbelieveable explanation and excuse in open court with regard to the unavailability of a witness; (iv) used illegible exhibits which is further proof of its intent in bringing this action to trial; and (v) submitted no evidence to support its position that the defendants or either one of them obtained "money, property, services, or an extension renewal or refinancing of credit, by false pretenses, a false representation or actual fraud...." 11 U.S.C. § 523(a)(2).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Plaintiff does not specifically dispute any of the bankruptcy judge's factual findings,[8] nor do we find any of the pertinent findings clearly erroneous. Because the plaintiff has not specifically objected to the findings, we will not address each and every finding.

■■■ The issue we must decide as a matter of law is whether, based on the factual findings of the judge, Manufacturers Hanover Trust's position was substantially justified. The factual bases to the bankruptcy judge's legal conclusion that the plaintiff's position was not substantially justified are as follows. Manufacturers Hanover Trust knew that it had no evidence to support its position after taking the Hudgins' deposition in January, and still proceeded to trial. Manufacturers Hanover Trust knew, or should have known, after taking their deposition, first that there was no evidence of fraud, and second, that in order to prove their other theories, Manufacturers Hanover Trust would have to introduce the statements into evidence. Manufacturers Hanover Trust proceeded to trial when it knew or should have known, that it did not and would not have a witness at the trial.[9] Based on these facts, we find that Manufacturers Hanover Trust's position was not substantially justified. If it had dismissed the suit after taking the deposition, knowing that it had to supply a witness that it could not supply, then there may not have been a justification for attorneys' fees and costs. This is not the case. Manufacturers Hanover Trust proceeded to trial, imposing upon both the Hudgins' and the court's time. A creditor is not substantially justified when it proceeds to trial knowing that it lacks sufficient evidence to sustain its burden of proof and then fails to establish a single necessary element of its claim. *In re Van Buren,* 66 B.R. 422

---

**8.** The only factual finding that plaintiff Manufacturers Hanover Trust implicitly contests is the bankruptcy judge's finding that Manufacturers Hanover Trust filed the complaint for the purpose of intimidation. Although Manufacturers Hanover Trust does not address this finding in particular, Manufacturers Hanover Trust argues that it filed the complaint in good faith, which implicitly rejects a finding that they filed the complaint for the purpose of intimidation. Because we decide this issue the way we do, we do not review this particular factual finding of the bankruptcy judge.

**9.** After taking the deposition in January, Manufacturers Hanover Trust knew that the Hudgins

could not identify the exhibits. Thus, it knew that it would have to provide a witness to identify the exhibits. At trial in April, Manufacturers Hanover Trust's counsel claimed that he just found out that he would not have a witness because there was no connecting flight from O'Hare airport to Waukegan. Manufacturers Hanover Trust did not show that this was a new occurrence, rather, it is clear that Manufacturers Hanover Trust knew or should have known for four months that it would need a witness, and it would need to get that witness to Waukegan.

(Bankr.S.D.Ohio 1986). A creditor is not justified in continuing to pursue a case once it learns that its position is not substantially justified, even if the suit was originally filed in good faith. Such a reading of the statute would all but emasculate the purpose of section 523(d). Creditors could always contend that they thought they had a good case when they filed. Thus, the consumer debtor would be forced to settle rather than fight it out. No, we think better the construction of 523(d) is that when a creditor learns that it will not be able to prove its case, but continues to pursue the case, it falls within the statute, and thus must pay the debtor's attorneys' fees and costs.

■ Manufacturers Hanover Trust makes one other argument as to section 523(d). It contends that the legislative history of that section indicates that 523(d) should only apply to suits filed under 523(a)(2)(B). Section 523(a)(2)(A) refers to suits filed because the debtor obtained credit under false pretenses or fraud, and section 523(a)(2)(B) refers to suits filed because the debtor obtained credit by using a false financial statement. The legislative history of section 523(d) states that the purpose of the section "is to discourage creditors from initiating proceedings to obtaining a false financial statement exception to discharge in hope of obtaining a settlement from an honest debtor anxious to save attorney's fees." S.Rep. No. 989, 95th Cong. 2d Sess. 80 (1978), 1978 U.S. Code Cong. & Admin.News, p. 5866. The statute itself is very clear, "[i]f a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section and such debt is discharged, the court shall grant judgment in favor of the debtor...." Manufacturers Hanover Trust would have us believe that although Congress indicated that 523(d) applied to "(a)(2)" that Congress really meant that it should only apply to (a)(2)(B) and not to (a)(2)(A). We do not think that Congress would be so careless. If it intended that 523(d) apply only to 523(a)(2)(B) it would have specifically limited 523(d) to (a)(2)(B). We think that "false financial statement complaints" is used as a shorthand way to

refer to situations in which a creditor attempts to use its superior economic power to coerce a consumer debtor into settling, in order to avoid attorneys' fees. Manufacturers Hanover Trust offers no authority, other than the legislative history, or policy reasons to support such a restrictive reading of section 523(d). Whether the creditor files the complaint alleging that the consumer used false pretenses or false statements in order to secure the credit is irrelevant. The same problem the statute was designed to cure exists. The consumer is forced to settle with the creditor because its attorneys' fees would probably be more than the debt itself. Therefore, finding no support for Manufacturers Hanover Trust's argument, we must reject its restrictive interpretation of section 523(d).

■ The last objection Manufacturers Hanover Trust makes to the bankruptcy judge's award of fees and costs concerns the awarding of witness fees. Manufacturers Hanover Trust contends that the judge improperly awarded the Hudgins' witness fees because they had to miss work to show up for the trial and act as the plaintiff's adverse witnesses. A review of the record, however, reveals that the bankruptcy judge vacated his original award of fees and costs at the trial so that a separate hearing could be held to determine what should be awarded. The record before this Court does not reveal whether such a hearing was held. Nevertheless, the prevailing view, witness fees are taxable as costs. 20 Am.Jur.2d Costs § 54 (1965). Although, witness fees ordinarily are not allowed to a witness who is a party to the action, when that party is examined by his opponent, he is entitled to witness fees. 20 C.J.S. § 222 (1940). In this case, the Hudgins served as the plaintiff's only witnesses and only evidence. It seems entirely reasonable that the Hudgins be compensated for their presence at this particular trial.

## CONCLUSION

We find that the bankruptcy judge did not commit reversible error in the admission and exclusion of evidence. Nor did he

improperly curtail Manufacturers Hanover Trust's questioning of defendants. The bankruptcy judge correctly awarded attorneys' fees and costs to the debtors pursuant to 11 U.S.C. § 523(d).

Accordingly, we affirm the bankruptcy judge's order entering judgment in favor of the defendants Hudgins on the complaint to determine dischargeability of a consumer debt together with an award of attorneys' fees and costs. It is so ordered.