In re Russell Hugh SMITH, and Leta Clark Smith, Debtors.

**HUNTINGTON NATIONAL BANK, Plaintiff,**

v.

**Russell Hugh SMITH, Defendant.**

**Bankruptcy No. B88–01019.**
**Adv. No. B88–0367.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 3, 1989.

Stephen D. Hobt, Strachan, Green, Miller, Olender and Hobt, Cleveland, Ohio, for plaintiff.

Mary Ann Rabin, Alexander Jurczenko, Cleveland, Ohio, for defendant.

Harvey S. Morrison, Trustee, Cleveland, Ohio.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The Court must decide whether a creditor's voluntary dismissal of its Complaint to determine dischargeability enables the Debtor to recover attorney's fees pursuant to § 523(d) of the Bankruptcy Code. The Plaintiff, Huntington National Bank (HNB), caused to be filed its Complaint to determine dischargeability in the above-styled adversary proceeding alleging non-dischargeable grounds based upon provisions of § 523(a)(2) of the Bankruptcy Code [11 U.S.C. § 523(a)(2)]. Following two pretrial hearings, but prior to the scheduled trial, HNB voluntarily dismissed its Complaint. In response to the Complaint, the Debtor filed an answer and attended the noticed pretrials. Both parties were in compliance with the Court's final pretrial order which required the filing of trial briefs, pretrial statements, and other documentation. Pursuant to Rule 7052, Bankr.R., the following constitutes the Court's findings and conclusions.

This is a core matter under provisions of 28 U.S.C. § 157, with jurisdiction conferred under 28 U.S.C. § 1334. Following the Complaint's dismissal the Debtor seeks an award of attorneys fees on the premise that HNB's position as complainant was not substantially justified. HNB filed a brief in opposition to this requested relief.

In pertinent part, § 523(d) of the Bankruptcy Code provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust. [11 U.S.C. § 523(d)]

Section 523(d) of the Code was enacted to discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. H.R.Rep. No. 595, 95th Cong., 2d Sess. 365 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. A relatively new provision, § 523(d) provides protection to a consumer debtor who dealt honestly with a creditor that sought nondischargeability under § 523(a)(2). It represents a compromise between the House and Senate versions regarding the issue of attorney's fees in false financial statement complaints to determine dischargeability. The damage remedy provided in the House version was ultimately deleted.

The several cases reviewed which have interpreted § 523(d) involve adversaries which actually went to trial, with some evidence having been adduced, and resulting in an unsuccessful creditor. The present case offers a different perspective. Here, the complaint was voluntarily dismissed by HNB immediately before the trial was to begin. As a result, no evidence was taken to establish any required element of § 523(a)(2). The action was initiated by HNB, and it was incumbent upon HNB to substantially justify its position. Generally, where no evidence is adduced, it becomes difficult for a creditor to justify its adversarial position. This is particularly true, as in the present matter, where the lack of evidence is coupled with a creditor's voluntary dismissal of its Complaint. The focal issue, however, is whether the Complaint filing was substantially justified. It is not whether the unsuccessful creditor

would prevail on its Complaint. *In re Vanburen*, 66 B.R. 422, 425 (Bankr.S.D.Ohio 1986). In order to reach this determination, it becomes necessary to examine the parties' respective pretrial postures.

An examination of the Debtor's Answer revealed affirmative defenses, including estoppel by reason of HNB's failure to adequately inquire as to the nature and circumstances of debts and the collateral offered. The Debtor contends that HNB could not have reasonably relied upon the financial information provided by the Debtor since it was incomplete data. HNB contends that the financial information submitted by the Debtor was fraudulent and misstated the Debtor's assets and liabilities. In brief, HNB contends that the Debtor intended to deceive it.

Although both parties strongly argue "reliance" or the lack of it, reliance is actually not the crucial issue at this juncture. The real issue is whether HNB was substantially justified in filing the Complaint. In assessing this issue it is noted that HNB contends that the Debtor has conceded to two of four elements in satisfaction of § 523(a)(2) (i.e., (1) in writing and (2) materially false) and that the element of intent can be inferred from the facts. (Supplemental Brief, p. 5).[1] Citing *Manufacturers Hanover Trust Co. v. Hudgins*, 72 B.R. 214 (Bankr.N.D.Ill.1987), HNB argues that there was a reasonable basis for its underlying complaint theory, and its Complaint dismissal was not based on a lack of evidence necessary to sustain its burden of proof.

Remarkably, the Debtor's trial brief acknowledges that HNB has sufficient documentation to satisfy three of the five elements of § 523(a)(2). The remaining elements to be established by HNB would be "intent" and "reasonable reliance." (Debtor's trial brief, p. 4).

The required standard under § 523(d) is substantial justification, not a complete fullfillment of all requirements of § 523(a)(2). Without stipulations, only a trial proceeding would determine with certainty whether the remaining elements of § 523(a)(2) could be established by HNB. In consideration, however, of the Debtor's aforementioned acknowledgement that there are only two remaining elements to be satisfied under § 523(a)(2), it is hereby determined that HNB's Complaint filing was substantially justified. Additionally, in a matter which is ancillary to this proceeding, a ruling was issued by the Court which determined that certain assets were estate property subject to turnover to the Debtor's estate. On that basis, HNB apparently chose to dismiss its dischargeability complaint and address its concern differently. That decision by HNB to dismiss its Complaint, alone, cannot rationally be construed to suggest that the filing was not substantially justified. For this additional reason, the Debtor's motion must be denied.

Accordingly, the Debtor's motion for attorney's fees is hereby denied.

IT IS SO ORDERED.

---

1. 11 U.S.C.S. § 523. Exceptions to discharge (a) A discharge under section 727, 1141, [,] 1228(a) 1228(b), or 1328(b) of this title [11 U.S.C.S. § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
  (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
(B) use of a statement in writing—
  (i) that is materially false;
  (ii) respecting the debtor's or an insider's financial condition;
  (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
  (iv) that the debtor caused to be made or published with intent to deceive;