In re Donald E. KULLGREN, Mary Ellen Kullgren, Debtors.

CHEVY CHASE, F.S.B., Plaintiff,

v.

Donald E. KULLGREN, Mary Ellen Kullgren, Defendants.

Bankruptcy No. SA 88–02244 JR.
Adv. No. SA 88–0489 JR.

United States Bankruptcy Court, C.D. California.

Jan. 5, 1990.

Richard G. Heston of Heston & Heston, Newport Beach, Cal., for debtors.

Ronald A. Yarris, Beverly Hills, Cal., for self.

Jerome A. Yelsky of Cherin & Sedley, Los Angeles, Cal., for McNeily & Rosenfeld.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Debtors move in this proceeding for reimbursement of attorney's fees and costs under § 523(d) of the Bankruptcy Code and sanctions under Bankruptcy Rule 9011 (the

"Motion"). The Motion arises from the filing of a complaint under § 523 by plaintiff against debtors. A trial was not had on the complaint because plaintiff failed to appear at a status conference resulting in a dismissal of the action. Although the order of dismissal allowed the plaintiff to bring a motion for reconsideration of the dismissal within 20 days of the entry of the order, plaintiff did not seek reconsideration. Debtors then brought the Motion. After reviewing the pleadings and hearing argument by counsel, I took the matter under submission.

## JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

## STATEMENT OF FACTS

Plaintiff authorized the law firm of McNeily & Rosenfeld (the "Firm") to file the § 523 complaint in this proceeding. At the time the complaint was filed, the Firm had offices in Washington, D.C. and Beverly Hills, California. The managing partner in the Beverly Hills office was Jerome A. Yelsky. The complaint was prepared in the Washington office and forwarded to the Beverly Hills office for filing, service and prosecution. According to Yelsky, Warren Rosenfeld of the Washington office conducted an interview of plaintiff's agents and employees to determine the factual background surrounding the credit card transactions between plaintiff and debtors.

Ronald A. Yarris was an associate attorney in the Beverly Hills office. He was told by Rosenfeld that plaintiff was taking an aggressive posture to collect on fraudu-

lent credit card charges incurred prior to the filing of bankruptcies and that the Kullgrens' bankruptcy was one of the problem cases. Rosenfeld told Yarris that the Kullgrens' matter was meritorious based on his discussion with plaintiff and his review of the file and documents in his possession in the Washington office. Yarris was instructed to contact him and not plaintiff regarding any matters related to the proceeding. The complaint was signed by Yelsky and filed on July 25, 1988.

The complaint states that debtors applied for a credit card account and incurred credit charges amounting to $4,950.21 as of the filing of the petition. The complaint alleges that the charges were for consumer items aggregating more than $500 and were luxury goods and services or were cash advances aggregating more than $1,000. The complaint further alleges that the charges represent "money, property, services, or an extension, renewal, or refinancing of credit obtained by false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition." Lastly, the complaint alleges that when the charges were made, debtor was indebted to a substantial number of creditors. The complaint then requests that discharge be denied pursuant to "11 U.S.C. 523(a)(2)(A)(B)(C)".

Yelsky assigned Yarris to appear at the status conference held on October 17, 1988. Prior to the status conference, upon the instructions of Rosenfeld, Yarris prepared a request for default and filed it on October 14, 1988. The default was entered on October 17, 1988.

At the status conference, Richard Heston appeared specially for debtors and alleged that the complaint was filed untimely even though it was filed on the last date set forth in the clerk's notice. Heston also informed Yarris that debtors had not been served with the summons and complaint. I continued the status conference to December 28, 1988 in order to give Heston time to file an appropriate motion to dismiss. Evidently, following the status conference, Heston and Yarris discussed a voluntary dis-

missal and the validity of the entry of default. Yarris was unwilling to set aside the default or agree to dismiss his complaint. At the continued status conference on December 28, 1988, I learned that debtors had not filed a motion to dismiss and that a default had been entered. I set February 7, 1989 for a hearing on plaintiff's request for a default judgment.

Meanwhile, debtors filed a motion to vacate and set aside the default. At the hearing on January 31, 1989, I agreed that the default was improperly taken and set it aside. According to Yarris, prior to the hearing, he had unsuccessfully attempted to get Rosenfeld to agree to withdraw the default.

On February 14, 1989, Yelsky informed Yarris that plaintiff's cases were being returned to Washington, D.C. and the Firm was being substituted out of the proceedings. Shortly thereafter, Yarris left the Firm.

At the default hearing, no one appeared so the matter was taken off calendar. Debtors then brought a motion to dismiss the complaint under Bankruptcy Rules 7009 and 7008 and 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The law office of Fran R. Fagen appeared for plaintiff at the hearing on the motion to dismiss. The motion was granted and plaintiff was given 30 days to amend. A status conference was also set for May 23, 1989. Plaintiff filed its first amended complaint on April 21, 1989 alleging that in addition to what was set forth in the original complaint, the charges were obtained on the basis of a false writing, debtors had no intent to repay the plaintiff or knew that they were not able to repay plaintiff as a result of their indebtedness to other creditors, and to the extent charges were incurred as a result of false pretenses, false representation, or actual fraud the debt was nondischargeable under § 523(a)(2)(A).

The status conference scheduled for May 23, 1989 was continued to July 18, 1989. At the July 18, 1989 status conference, Heston appeared for debtors, but plaintiff's counsel was absent. I dismissed the adversary proceeding for plaintiff's failure to appear or prosecute. On July 31, 1989, a dismissal order was entered. The order allowed plaintiff to file a motion for reconsideration within 20 days of the entry date. Plaintiff did not move for reconsideration of the order. On August 25, 1989, debtors filed the motion for attorney fees, costs and sanctions on August 25, 1989.

By the Motion, debtors seek reimbursement against plaintiff for attorneys' costs under § 523(d). They also seek sanctions under Bankruptcy Rule 9011 against the Firm and attorneys Yelsky and Yarris (the "Attorneys"). The basis for sanctions is that the complaint was not well grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that the Attorneys failed to read the complaint and lacked the knowledge, information and belief to support the complaint. Debtors also allege that the opposition to debtors' motion to vacate and set aside the default was not justified and was done to harass, cause delay and increase debtors' cost of litigation in order to force debtors to enter into an unfair settlement.

## DISCUSSION

I. *The § 523(d) Issue.*

Section 523(d) of the Bankruptcy Code provides that:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Section 523(d) was enacted in 1978 to protect the honest consumer debtor who, afraid of incurring attorneys fees, would settle quickly with an agressive creditor who threatened a § 523 action. *In re Verdon*, 95 B.R. 877, 885 (Bankr.N.D.N.Y. 1989).

Section 523(d) was changed by the 1984 Amendments to the Bankruptcy Code to give the bankruptcy court more discretion in granting or denying a § 523(d) request. Prior to the 1984 Amendments, § 523(d) required an award of costs and fees unless the creditor could show that the award would be clearly inequitable. See *Thorp Credit, Inc. v. Carmen (In re Carmen)*, 723 F.2d 16 (6th Cir.1983); *Manufacturers Hanover Trust Co. v. Hudgins*, 72 B.R. 214, 219 (N.D.Ill.1987); *Household Finance Corp. v. VanBuren (Matter of VanBuren)*, 66 B.R. 422, 424 (Bankr.S.D.Ohio 1986). After the 1984 Amendments, the court is required to award fees if the court finds that the position of the creditor was "not substantially justified" unless "special circumstances would make the award unjust". *Van Buren*, 66 B.R. at 424; See also *Household Finance Co. v. Beam (Matter of Beam)*, 73 B.R. 434, 438 (Bankr. S.D.Ohio 1987).

Debtors argue that the filing of the complaint was not substantially justified. Plaintiff responds that it was justified in filing the complaint and in any event, the application of § 523(d) requires that the issue of nondischargeability be tried. Taking plaintiff's latter argument first, it is true that most cases dealing with § 523(d) address the issue after a trial on the merits. See *Manufacturers Hanover Trust Co. v. Hudgins*, 72 B.R. 214 (N.D.Ill.1987); *Pisano v. Verdon (In re Verdon)*, 95 B.R. 877 (Bankr.N.D.N.Y.1989). Despite this, there are cases awarding fees even when a trial has not been held. See *Associates Professional Executive Services, Inc. v. Bernard (In re Bernard)* 85 B.R. 864 (Bankr.D.Colo.1988); and *Household Finance Co. v. Beam (In re Beam)*, 73 B.R. 434 (Bankr.S.D.Ohio 1987).

In *Bernard,* the court granted plaintiff's motion to dismiss and made a § 523(d) award because the complaint failed to state the allegations of fact with the particularity and clarity necessary under Rule 9(b) of the Federal Rules of Civil Procedure to reasonably advise the defendant of the circumstances of the fraud. The plaintiff also failed to comply with discovery requests and appear at the scheduled trial.

In *Beam,* the court granted plaintiff's motion to dismiss because the plaintiff had failed to comply with Bankruptcy Rule 4007(c) which required the timely filing of the complaint. Because the plaintiff had not obtained an extension of time in which to file its complaint, the court found that plaintiff was not substantially justified in filing the complaint and, accordingly, awarded fees to debtor. The court stated that "[A]n essential element for the effective operation of the court system would be impermissibly burdened if counsel commence actions and proffer pleadings without contemplation of the threshold considerations required under Section 523(d)...." 73 B.R. at 438.

██ Debtors' view that a judgment is not required as a condition to a § 523(d) award is supported by the statutory language of § 523(d) and the position taken by the courts in *Bernard* and *Beam*. The elements of § 523(d) are (i) a request for determination of dischargeability; (ii) a consumer debt; and (iii) the discharge of the consumer debt. Debtors satisfy these three elements in this proceeding. Plaintiff filed a complaint for the determination of the dischargeability of a consumer debt and that debt was discharged. A clear reading of § 523(d), therefore, supports debtors' position. I find § 523(d) applicable even though no trial occurred on the merits.

██ Plaintiff also argues that because it did not have an opportunity to conduct discovery, it is unfair to apply § 523(d) in this situation. The test that I must apply is whether under all the circumstances at the time of filing of the complaint the plaintiff was substantially justified in filing the complaint and if not, are there any special circumstances that would make a § 523(d) award unjust.

Based on this test, plaintiff's contention that § 523(d) should not apply where plaintiff does not prosecute the action and therefore has not conducted discovery is irrelevant.

Plaintiff asserts that the filing of the complaint was substantially justified.

Plaintiff points out that even though the complaint was dismissed for failure to state a cause of action, the amended complaint alleges causes of action under § 523(a)(2)(A) and § 523(a)(2)(B) and debtors answered the amended complaint. In plaintiff's first cause of action under § 523(a)(2)(B), plaintiff alleges that debtors submitted a false credit application respecting debtors' financial condition. In support of this allegation, plaintiff states that the amount of income and the employment situation of debtors in the credit application (the "Application") is different from the information in debtors' statement of financial affairs (the "Statement") filed in this case. According to plaintiff, debtors listed in the Application income at $40,000. According to plaintiff, it relied on the statement of income in the Application in granting credit up to $5,000. In the Statement, debtors list their income at $37,691. These facts were not set forth in the complaint or the amended complaint. I should also note that in the amended complaint, there was no statement that plaintiff relied on any misstatement of fact in the Application. With respect to the employment issue, I see no material difference in the description of employment in the Application and the Statement.

■ Reviewing the second cause of action under § 523(a)(2)(A), plaintiff states that money was obtained through false pretenses, false representation or actual fraud. Plaintiff points out that debtors obtained cash withdrawals of $3,000 on November 3, 1987 and $1,800 on February 2, 1988 and only paid $197 on their account. In addition, according to plaintiff, debtors listed in their bankruptcy petition 11 different credit card debts amounting to approximately $30,000. From this information, plaintiff states that it could have shown that debtors borrowed the funds knowing that they could not repay or at least lacking the intent to repay. Again, it is strange that none of these facts were set forth in the complaint or the amended complaint. Since a cause of action under § 523(a)(2)(A) is for fraud, Rule 9(b) of the Federal Rules of Civil Procedure applies and requires that facts supporting the cause of action be pled with specificity. The complaint and amended complaint fail to satisfy this requirement.

■ I have no evidence before me as to what investigation was conducted at the time the complaint was filed. Yarris says that Rosenfeld told him that he had conducted an investigation. However, this is inadmissible hearsay. I have no statement from Rosenfeld describing his investigation. The differences in the Application and the Schedule are insufficient to support the filing of a § 523 complaint. Before filing a § 523 complaint, a plaintiff must ascertain that it has sufficient facts to support each of the elements necessary to prove its claims. Once the complaint is filed, debtor must retain the services of counsel and expend precious funds in defending against these allegations. Congress has made it clear that in the case of a consumer debt, debtors should be able to seek reimbursement of costs and attorneys fees unless the plaintiff demonstrates that the filing of the complaint was substantially justified. When in doubt, plaintiff can readily obtain additional time to investigate the facts before filing the complaint. Plaintiff has Bankruptcy Rule 2004 available to conduct discovery to determine if the filing of a complaint is justified. Plaintiff did not do this. The original complaint shows no factual support for the filing. The amended complaint is equally deficient.

Under these circumstances, a § 523(d) award is appropriate. Plaintiff has not shown substantial justification for the filing of the complaint and the amended complaint. Debtors have incurred $4,725.68 in attorneys fees and costs in connection with this adversary proceeding. Plaintiff asks that I reduce the amount of any award to debtors under § 523(d) by the amount of any sanctions awarded against the Attorneys. I agree that to the extent additional attorneys fees were incurred as a result of the sanctionable conduct by the Attorneys, plaintiff should not have to bear that burden. Accordingly, plaintiff shall be able to offset from $4,725.68 any sanctions payable by the Attorneys.

## II. *The Bankruptcy Rule 9011 Issue.*

Debtors request sanctions against the Firm and the Attorneys under Bankruptcy Rule 9011. It provides in relevant part:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

■ As the Ninth Circuit stated in *Townsend v. Holman Consulting Corp., et al,* 881 F.2d 788 (9th Cir.1989), *en banc* review granted 888 F.2d 646 (9th Cir.1989), "The rule applies to 'pleading[s], motion[s] and other paper[s] of a party,' punishing those which: [1] constitute 'frivolous filings' or [2] use 'judicial procedures as a tool for harrassment.'" *Id.* at 792. Debtors assert that the complaint was frivolous and the request to enter default and the opposition to set aside the default were frivolous and interposed for an improper purpose. *Townsend* summarized two principles that a court must consider when determining whether a filing is frivolous. The first principle is to determine "[W]hether the pleading as a whole, not merely 'a particular argument and ground for relief,' is frivolous within the meaning of the rule." (Citation omitted) *Id.* The second principle is "[T]he mere fact that a claim does not prevail, or that a court ultimately determines that a lawyer's view of the law is 'wrong', is insufficient to warrant sanctions under any aspect of Rule 11." *Id.*

Accordingly, the "frivolous" inquiry is narrow and I must look at the objective reasonableness of the entire pleading and not the subjective intent of the pleader or the merit of any one of his arguments.

■ Taking first the issue of sanctions for the filing of a frivolous complaint, I agree with debtors that sanctions are appropriate. The complaint merely recited the statutory basis for a § 523 cause of action. It was devoid of any facts to support the claims made against debtors. If there was an investigation, it certainly was not evident from a reading of the complaint. Yelsky signed the complaint. He must bear the responsibility. He cannot escape this responsibility by asserting that he relied on Rosenfeld. The Firm is not the person signing the complaint so it is not a responsible party. I discuss this issue in greater detail later in connection with Yarris' role on the default matter. Yelsky shall pay sanctions equal to $950 as partial reimbursement for the attorneys fees and costs incurred by debtors in defending this adversary proceeding.

■ Turning to the default issue, Yarris was told to file the request for default by Rosenfeld. Yarris signed the request for default. At the time the request for default was filed, Yarris did not check to see if debtors had been served with the summons and complaint. He states that he did not know that this was the situation, but his subjective intent is irrelevant. A reasonable inquiry of the facts would have put him on notice as to the defect in service. At the status conference on October 18, Yarris was told by Heston that service of the complaint and summons had not been made on debtors or him. If Yarris had promptly withdrawn the request for default, no harm would have occurred. When Yarris sought permission of Rosenfeld to withdraw the request for default, Rosenfeld refused. When debtors brought their motion to vacate and set aside the entry of default, Yarris filed an opposition to the motion and signed it. The issue is whether this opposition was warranted. I

think not. It was not appropriate based on the facts and the law. Since the summons and complaint had not been served on debtors, the default should not have been taken for failure of debtors to answer the complaint. Any opposition to the motion to vacate the default was frivolous. Yarris argues that he should not be punished because Rosenfeld told him not to withdraw the default. As I explained to Yarris, he is responsible for his actions as an attorney. Rosenfeld was not taking the risk because he was not signing the pleading. An associate is required to do what is right under the law despite the orders of a senior attorney.

Rule 9011 applies to the attorney signing the pleading. Based on *Pavelic & Leflore v. Marvel Entertainment Group,* — U.S. —, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), the Firm is not jointly and severally liable under Rule 9011 for the acts of its attorneys. As Justice Scalia states in *Pavelic,*

> The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment. Where the text establishes a duty that cannot be delegated, one may reasonably expect it to authorize punishment only of the party upon whom the duty is placed. We think that to be the fair import of the language here.

*Id.* at —, 110 S.Ct. at 459. Justice Scalia further states that "The purpose of the provision in question, however, is not reimbursement but 'sanction'; and the purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility." *Id.* The Supreme Court in *Pavelic,* therefore, interpreted the phrase "the person who signed it" to mean the attorney who signs the pleading and not the law firm for whom that person is employed or represents.

With respect to the issue of "improper purpose", Heston states that Yarris re-

fused to stipulate to vacating the entry of default unless debtors agreed to settle the matter. Yarris does not contest this statement. Under no circumstances should an attorney attempt to gain an advantage by maintaining a position that is not supported by either the facts or the law. In this case, the opposition to removal of the entry of default was interposed for an improper purpose, namely to force a settlement.

Accordingly, Yarris is to pay debtors as a sanction for violation of Bankruptcy Rule 9011 the sum of $856.75 which represents attorneys fees incurred by debtors in obtaining the removal of the default.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

### ORDER AWARDING ATTORNEYS FEES, COSTS AND SANCTIONS

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is ORDERED that plaintiff shall pay debtors $2,918.93.

IT IS FURTHER ORDERED that Yelsky shall pay debtors $950.

IT IS FURTHER ORDERED that Yarris shall pay debtors $856.75; and

IT IS FURTHER ORDERED that sanctions against the law firm of McNeily & Rosenfeld are denied.