**In re Howard A. LEVINE, Debtor.**

**Steven I. KOTZEN and National Patient Aids, Inc., Plaintiffs,**

**v.**

**Howard A. LEVINE, Defendant.**

**Bankruptcy No. 80–00361–BKC–TCB.**

**Adv. No. 80–0126–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Aug. 14, 1980.

Andrew M. Chansen, Fort Lauderdale, Fla., for plaintiffs.

Herbert Stettin, Miami, Fla., for debtor-defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiffs oppose debtor's discharge and alternatively seek a determination that

their debt is nondischargeable. An order entered by me on July 14, 1980 (C.P. No. 22) disposed of all issues except a claim that plaintiffs' debt is nondischargeable under 11 U.S.C. § 523(a)(2)(B) in that the debtor with intent to deceive issued a materially false financial statement upon which the plaintiffs reasonably relied. This remaining issue was tried before me on July 31, 1980. This order incorporates findings and conclusions as authorized by B.R. 752(a).

Plaintiffs and defendant were engaged in an emergency ambulance business in Jefferson Parish, Louisiana. Plaintiffs' claim is one for contribution as coguarantors with the debtor on notes and contracts entered into by the business with third parties. Plaintiffs rely on a financial statement of December 16, 1977, as the basis for their § 523(a)(2)(B) claim. Defendant has denied that the signature "Howard Levine" which appears on the document is his. Although I find that the debtor did not personally sign the statement, I find that it was prepared and signed under his specific direction and control and was, therefore, issued by him.

The financial statement lists as an asset, "Levine Family Trust" valued at $200,000. Plaintiffs contend that this statement is false because it fails to disclose that debtor's interest in the trust is contingent. Plaintiffs further contend that in discussions with the debtor prior to entering into partnership, the debtor told of the existence of the trust and represented that money could be withdrawn. Defendant denies ever representing to the plaintiffs that money was available from the trust.

The debtor's trust interest is contingent upon the death of his father and it is also subject to a life estate in favor of his mother. However, the financial statement neither represents nor implies that trust principal or income was immediately available for the debtor's use. The statement is not materially false.

Furthermore, I find that the plaintiffs did not rely on the December 16, 1977 statement. At the time this statement was prepared, the plaintiffs had already decided to go into business with the debtor–defendant. Any reliance on the plaintiffs' part was based upon non–actionable conversations with the debtor, which predated the December 16, 1977 statement.

In view of the foregoing together with those matters resolved by the order of July 14, 1980, plaintiffs' complaint must be dismissed with prejudice. As required by B.R. 921(a), a separate judgment will be entered. Costs, if any, will be taxed on motion.