In re Nancy Constance RANDOLPH,
Debtor.

John W. GIBBS, Jr. and Martha C.
Gibbs, Plaintiffs,

v.

Nancy Constance RANDOLPH,
Defendant.

Bankruptcy No. 82–00829–R.
Adv. No. 82–0265–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

March 22, 1983.

Robert L. Clark, Richmond, Va., for plaintiffs.

Gerald G. Lutkenhaus, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by John W. Gibbs, Jr. and Martha C. Gibbs (the Gibbs), the plaintiffs herein, of a motion to dismiss their complaint and upon the filing by Nancy Constance Randolph (Ms. Randolph), the defendant herein, of a motion for an award of attorney's fees pursuant to 11 U.S.C. § 523(d). After notice and hearing, this Court makes the following determination.

## STATEMENT OF THE FACTS

The Gibbs acting *pro se* filed the complaint herein on August 9, 1982, arising under 11 U.S.C. § 727(a)(2)(A), 11 U.S.C. § 523(a)(2)(A), and 11 U.S.C. § 523(a)(6). After the filing of the complaint the Gibbs retained counsel. After the filing of several motions and interrogatories, the Gibbs on January 26, 1983, filed a motion for voluntary dismissal of their complaint. The Gibbs sought a dismissal of their action on the grounds they were unlikely to gain any substantial economic advantage by a successful prosecution of their complaint. Ms. Randolph responded to the Gibbs' motion by stating she had no objection to the plaintiffs' motion to dismiss, but that she was entitled to be awarded attorney's fees pursuant to 11 U.S.C. § 523(d) for defending the action. Gerald Lutkenhaus, counsel for the defendant who is an attorney with Central Virginia Legal Aid Society, Inc., filed affidavits with this Court indicating that he spent six hours defending this action and three hours preparing his fee request. He requests $75.00 an hour for his time, which would total $675.00 in this matter.

## CONCLUSIONS OF LAW

Ms. Randolph now asks this Court for an award of attorney's fees in the amount of $675.00 pursuant to 11 U.S.C. § 523(d) which provides

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the Court shall grant judgment against such creditor and in favor of the debtor for the cost of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

In order for a Court to award attorney's fees pursuant to this section, the petitioning debtor must prove the plaintiff brought his action pursuant to 11 U.S.C. § 523(a)(2), the action was one involving a consumer debt, and such debt has been or will be discharged. In cases in which the three elements of 11 U.S.C. § 523(d) are fulfilled the Court is required to make an award of attorney's fees unless it would be clearly inequitable to do so. The language of this

section is mandatory and does not provide for judicial discretion. *In re Kohl,* 18 B.R. 670, 672 (Bkrtcy.W.D.Wis.1982); *In re Schlickmann,* 7 B.R. 139, 140 (Bkrtcy.D. Mass.1980).[1]

In the instant case, two of these three elements have been met. First, it is clear this action was in part brought pursuant to 11 U.S.C. § 523(a)(2). Second, upon the dismissal of this adversary proceeding this debt will be discharged because the time for filing a complaint for the determination of this debt to be nondischargeable will have run and no such future action can be brought. The defendant's request for an award of attorney's fees pursuant to 11 U.S.C. § 523(d) must fail, however, because the debt which the plaintiff sought to be determined to be nondischargeable was not a consumer debt. 11 U.S.C. § 101(7) defines consumer debt as a "... debt incurred by an individual primarily for a personal, family, or household purpose ...." The legislative history which accompanies this section indicates that the definition of "consumer debt ... does not include a debt to any extent the debt is secured by real property." 124 Cong.Rec. H11,090 (daily ed. Sept. 28, 1978); S17,406 (daily ed., Oct. 6, 1978). *See, cf. In re Burgess,* 22 B.R. 771, 772 (Bkrtcy.M.D.Tenn.1982). A debt which is secured by real property is not a consumer debt and a court may not award attorney's fees pursuant to 11 U.S.C. § 362(d) where the debt involved is not a consumer debt. *In re McKinney,* 18 B.R. 607, 612 (Bkrtcy.M.D.Ga.1982).

Where no statute specifically authorizes the award of attorney's fees, courts have inherent power to allow attorney's fees unless forbidden to do so by law. *Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). Generally, the "American rule" concerning attorney's fees provides that absent a statute providing for the award of attorney's fees a prevailing party is entitled to obtain reasonable attorney's fees from the losing party only when "... the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons ....'" 421 U.S. at 258–259, 95 S.Ct. at 1622 (citing *F.D. Rich Co., Inc. v. United States, Industrial Lumber Company, Inc.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703). *See also, In re Begley,* 12 B.R. 839, 842 (Bkrtcy.D.Conn. 1981); *In re Majewski,* 7 B.R. 904, 905 (Bkrtcy.D.Conn.1981). There is no evidence before this Court that the plaintiffs "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" in filing this complaint. Because 11 U.S.C. § 362(d) does not provide grounds in the instant case for an award of attorney's fees, this Court will follow the American rule and deny the debtor's request for attorney's fees. *See, In re Sawicki,* 12 B.R. 515, 515 (Bkrtcy.W.D.Wis. 1981).

The plaintiffs contend that other reasons exist to deny the defendant the requested attorney's fee award. First, the Gibbs contend that because Randolph is represented by the Central Virginia Legal Aid Society and, therefore, is being represented for free it would be inequitable to make an award to the debtor for attorney's fees which she does not have to pay. The Fourth Circuit has held that a defendant who is being represented by a legal aid society may recover attorney's fees where the statute under which the plaintiff has filed its complaint provides that an attorney's fee award would be proper. *Bills v. Hodges,* 628 F.2d 844, 847 (4th Cir.1980). Likewise, this Court concludes that in an 11 U.S.C. § 523(d) action litigants who are under no obligation to pay their attorneys for their representation "... are nevertheless entitled to recover attorney's fees where an allowance would otherwise be proper." *Id.*

---

1. See, *In re Folster,* 17 B.R. 171 (Bkrtcy.D.Hawaii 1982) and *In re Levine,* 6 B.R. 53 (Bkrtcy. S.D.Fla.1980) as examples of cases in which courts refused to grant awards of attorney's fees on the grounds that granting of such judgments would clearly be inequitable. In each case the courts found that the debtors' debts were dischargeable because the plaintiffs could not prove the element of reliance under their § 523(a)(2)(B) actions; however, because the plaintiffs had proved that the debtors intended to deceive them, the courts concluded it would have been inequitable to grant the debtors attorney's fees.

The plaintiffs further contend that a dismissal prior to trial should preclude a defendant from pursuing his claim for attorney's fees pursuant to 11 U.S.C. § 523(d). 11 U.S.C. § 523(d) was included in the Bankruptcy Code for the purpose of discouraging creditors from initiating proceedings for the purpose of obtaining settlements. *In re Finnie,* 21 B.R. 368, 370 (Bkrtcy.D.Mass.1982). *See,* H.R. No. 95–595, 95th Cong., 1st Sess. 365 (1977); S.R. No. 95–989, 95th Cong., 2nd Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. It is irrelevant whether the plaintiff dismisses its action prior to the date of trial without obtaining any benefit from a settlement. The intent of the section is to discourage the filing of dischargeability complaints and the failure of the plaintiff to obtain a favorable settlement should not preclude the debtor's rights to its award of attorney's fees.

With respect to the complaint to determine the dischargeability of the debt, an appropriate order will issue. With respect to that part of the complaint which objects to the debtor's discharge, Bankruptcy Rule 741 requires notice to the trustee prior to dismissal. The Clerk is hereby directed to serve notice upon the trustee of the plaintiffs' motion to dismiss. Absent objection by any party in interest, this Court will dismiss the plaintiffs' complaint ten days after that notice is given.