**In re Randall C. BURNS and Deborah A. Burns, Debtors.**

**CITIZENS NATIONAL BANK,
Plaintiff/Appellee,**

v.

**Randall C. BURNS,
Defendant/Appellant.**

**Civ. A. No. 87–K–802.
Bankruptcy No. 84 B 06194 C.**

United States District Court,
D. Colorado.

Sept. 15, 1987.

Paul G. Quinn, Denver, Colo., for Citizens Nat. Bank.

James C. Underhill, Sterling & Miller, Denver, Colo., for Burns.

### MEMORANDUM OPINION AND ORDER

KANE, District Judge.

On April 9, 1987 Judge Mai, specially assigned to the United States Bankruptcy Court for the District of Colorado, determined a debt owed by defendant to plaintiff dischargeable as a consumer debt and denied defendant's motion for attorney's fees. On April 27 the court issued an order detailing its findings of fact and conclusions of law on the issue. Defendant now appeals the latter part of the court's order. I assume jurisdiction in this appeal pursuant to the terms of 28 U.S.C. § 158(a) and Rule 8001(a) of the Rules of Bankruptcy procedure.

Defendant, while president of the First Bank of Colorado, a sister bank of plaintiff, sought and obtained approval for a loan from plaintiff of $25,000. At the time of the proceedings before Judge Mai, this debt amounted to $28,147.94. Plaintiff alleges in so approving the loan it relied upon financial statements of defendant. It further alleges it gave the loan as part of the business arrangements between the two banks. It brought proceedings in the bankruptcy court seeking to have the debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) as a debt procured by 'materially false' representations.

The court found the documents tendered by defendant to have been inaccurate, but found these inaccuracies 'attributable more to the differences in time and purpose between the two documents rather than any intent on the part of the Debtor'. The court did not find 'clear and convincing

evidence' of intent to deceive on the part of defendant. It further concluded plaintiff had failed to prove either that it substantially relied upon the personal financial statement tendered to it by defendant or that the statement was *materially* false, as required by the terms of § 523(a)(2)(B)(i). It declined to award attorneys fees to defendant, as facilitated by 11 U.S.C. § 523(d) stating its view 'this debt is not that type of debt upon which attorney fees should be allowed'.

Section 523(d) reads as follows:

If a creditor requests a determination of dischargeability of a consumer debt under section (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Appellant adopts an unusual course in its pleadings before this court. It argues the award of attorney's fees under this provision is not intended to be discretionary. It cites five cases in support of this contention, *In re Randolph,* 28 B.R. 811 (Bkrtcy. E.D.Va.1983), *In re Folster,* 17 B.R. 171 (Bkrtcy.D.Hawaii 1982), *In re Levine* 6 B.R. 53 (Bankr.S.D.Fla.1980), *In re Schlickmann,* 7 B.R. 139 (Bkrtcy.D.Mass. 1980), *Thorp Credit, Inc. v. Carmen,* 723 F.2d 16 (6th Cir.1983). There are many others to the like effect. The only problem is that all these cases interpret § 523(d)

before it was amended as above. The old version of the section did not include the terms 'substantially justified' or 'special circumstances'.

Nonetheless, the inclusion of this new formula has failed to ameliorate the difficulties of interpretation generated by the original draft of the section.[1] The most authoritative interpretation of the new provision I have been able to identify is *Manufacturers Hanover Trust Co. v. Hudgins,* 72 B.R. 214 (N.D.Ill.1987). Here, the court phrased its approach to the section in the following terms

the construction of 523(d) is that when a creditor learns it will not be able to prove its case, but continues to pursue the case, it falls within the statute, and thus must pay the debtor's attorney fees and costs. 72 B.R. 214, 221

The change of language has increased the court's discretion to deny an award of attorney's fees, *Matter of Vanburen,* 66 B.R. 422, 424 (Bkrtcy.S.D.Ohio 1986).

Here I am satisfied the circumstances are such as to come within the proviso to § 523(d). The court found a misrepresentation had been made. The bank was justified in relying upon this fact and the distinct possibility the court would be prepared to infer a scheme from the evidence before it consistent with an intent to deceive on the part of the debtor. I feel it would be an impermissible extension of the statute to impose attorney's fees or costs where such an important element of § 523(a)(2) had been found by the court. The necessity the court find no significant element of the creditor's claim[2] had been

---

1. I should point out for the record in this context, I do not accede to the popular view that the occurrence of these identical terms in 28 U.S.C. § 2412 (the 'Equal Access to Justice Act') justifies imposing the interpretation adopted by the courts of the EAJA onto the instant provision, see *In re Woods,* 69 B.R. 999 (Bkrtcy.E.D.Pa. 1987). The EAJA was enacted 'primarily to provide financial incentives for contesting unreasonable government action' *Ewing v. Rodgers,* 826 F.2d 967 (10th Cir.1987). 11 U.S.C. § 523(d), on the other hand was intended to discourage creditors from initiating groundless suits against debtors. This arises from the likelihood, given the precarious position of those who have filed bankruptcy, such litigation will

simply force settlement, S.Rep. No. 989, 95th Cong. 2d Sess. 80 (1978), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5866.

2. The elements of a claim under 11 U.S.C. § 523(a)(2)(B) are (1) That the bankrupt made tne representations; (2) that at the time the representations were made they were materially false; (3) that the debtor made the representations with the intention and purpose of deceiving the creditor; (4) that the creditor relied upon such representations; and (5) that the creditor sustained the damage alleged as the proximate result of the representations having been made, *In re Tomeo,* 1 B.R. 673 (Bkrtcy.E.D. Pa.1979).

established before awarding attorney's fees has been a common feature of discussions of the provision both before and after its amendment, *In re Jones*, 49 B.R. 431, 437 (Bkrtcy.D.C.1985) and the cases cited therein discussing the pre–1984 version, *Thorp Credit Inc. v. Smith*, 54 B.R. 299 (Bkrtcy.S.D.Iowa 1985), *Connecticut National Bank v. Panaia*, 61 B.R. 959 (Bkrtcy.D.Mass.1986), *Matter of Vanburen*, 66 B.R. 422, 425 (Bkrtcy.S.D.Ohio 1986). I concur with the conclusion of the trial judge in this regard.

Accordingly, it is ORDERED this appeal is dismissed.