**GUARANTY SAVINGS & LOAN ASSOCIATION, Appellant/Plaintiff,**

v.

**Gary C. LOWE and Mary J. Lowe Appellees/Defendants.**

**In re Gary C. LOWE and Mary J. Lowe, Debtors.**

Civ. A. No. 89–0018–C.

Bankruptcy No. 688–00153.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Jan. 18, 1990.

Fred T. Heblich, Jr., Tucker & Parker, P.C., Charlottesville, Va., for appellant/plaintiff.

George H. Dygert, Charlottesville, Va., for appellees/defendants.

Leroy R. Hamlett, Jr., Charlottesville, Va., Trustee.

MEMORANDUM OPINION

MICHAEL, District Judge.

This case is currently before the court on appeal from a decision by the United States Bankruptcy Court for the Western District of Virginia, Krumm J., dated March 30, 1989. The court below awarded the defendants attorney's fees pursuant to 11 U.S.C. § 523(d) after the plaintiff moved to dismiss its complaint under 11 U.S.C. § 523(a)(2)(B) for a determination of the dischargeability of certain debts. The plaintiffs appealed the decision below in a timely fashion and subsequently moved to amend the statement of issues on appeal by adding an additional point raising the question of whether the subject debts are consumer debts pursuant to 11 U.S.C. §§ 101(7) and 523(d). A hearing on this motion and the underlying appeal was held on December 20, 1989. After a consideration of the briefs and the oral argument of both parties, the court granted the motion to amend. The court then proceeded to affirm the Bankruptcy court's findings of

fact and conclusions of law as to the four original issues on appeal; however, it took the new issue raised in the motion to amend under advisement. This left the parties in something of a state of suspended animation since the fifth issue, if decided in favor of the appellants, would require a reversal of the lower court's decision. For this reason, the court has attempted to make a decision as expeditiously as possible.

## I

Only the briefest recitation of the facts in this case is necessary. The debtors filed for bankruptcy on February 11, 1988. Among their debts were two owed to appellant Guaranty Savings and Loan Association ("GSL"): one in the amount of $95,000 for permanent financing of the debtors personal residence, and an unsecured loan in the amount of $45,000. GSL initiated an adversary proceeding to challenge the dischargeability of these loans under 11 U.S.C. § 523(a)(2)(B), alleging that they had been fraudulently obtained. Subsequently realizing that it could not meet its burden of proof GSL moved to have the complaint dismissed. After granting the motion the Bankruptcy court found that the $95,000 loan was a consumer debt as defined under 11 U.S.C. § 101(7) and that, all other conditions having been met, the defendants were therefore entitled to their attorney's fees incurred for the defense of the adversary proceeding.

All other issues having been disposed of at the December 20 hearing, the only matter currently before the court is the propriety of the lower court's holding that the $95,000 loan was a consumer debt.

## II

▮▮▮ 11 U.S.C. § 523(d) states that

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the cost of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

The language of § 523(d) is mandatory. The determinative question thus becomes whether the debt which was questioned was a consumer debt. Consumer debt is defined in 11 U.S.C. § 101(7) as meaning "debt incurred by an individual primarily for a personal, family, or household purpose." Two schools of thought have evolved on how to treat debt, such as the present loan, which is secured by real property. One group holds that the determinative factor is the "purpose of the debt," *see In re Kelly*, 841 F.2d 908, 913 (9th Cir. 1988), the other holds that any debt secured by real property is *per se* not consumer debt, *see In re Randolph*, 28 B.R. 811, 813 (Bankr.E.D.Va.1983). The court below relied on *In re Kelly* in holding that the $95,000 loan was a consumer debt.

Both camps have their followers, and as of yet, the Fourth Circuit has failed to take a stand. Courts like the *Randolph* court have concluded that the language of § 101(7) is sufficiently vague that it requires a recourse to legislative history. Citing statements in the Congressional Record, they conclude that the term consumer debt was intended to exclude all debt secured by real property. *Id.* However, this court agrees with the court below and the court in *Kelly* that "resort to legislative history is not appropriate because the statutory language is clear and precisely addresses this situation." *Kelly*, 841 F.2d at 912.

11 U.S.C. § 101(7) clearly directs a court to examine the "purpose" of the debt, not the nature of the security for the debt. It is apparently undisputed by the parties here that the purpose of the $95,000 loan was to secure the debtors' recently completed family residence. The purpose of the loan is, therefore, obviously personal.

Guaranty's new appellate counsel argued at the December 20 hearing that the award of attorney's fees should nonetheless be overturned because it would be clearly inequitable. The thrust of this argument is that since there is a disagreement between various courts over the classification of

this type of debt the bank should not be penalized for taking a position which the court ultimately declines to follow. The problem with this argument is that the consumer debt issue was never addressed by the bank in the proceedings below; it was raised by the court for the first time, *sua sponte,* in its memorandum opinion. Since GSL did not rely on the argument wherein the dispute lies, it cannot now benefit from the presence of that dispute.

### III

For the reasons stated, the decision of the Bankruptcy court will be AFFIRMED.

An appropriate Order shall this day issue.