SEYMOUR, Circuit Judge.
 

 Citizens National Bank brought an action under 11 U.S.C. § 523(a)(2) (1982 & Supp. IV 1986) to have a debt which Randall Burns owed the Bank declared nondis-chargeable in Burns’ bankruptcy proceeding. The bankruptcy court ruled that the debt was dischargeable but denied Burns’ motion for attorney’s fees under section 523(d). The Bank did not appeal the ruling on dischargeability. However, Burns appealed the denial of his motion for fees, and the district court affirmed the bankruptcy court.
 
 See Citizens Nat’l Bank v. Burns (In re Burns),
 
 77 B.R. 822 (D.Colo. 1987). Burns now appeals to this court and we affirm, albeit on a ground different than that relied on by the district court.
 
 [1]
 

 Section 523(d) provides for an award of attorneys fees to a prevailing debtor as follows;
 

 “If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney’s fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.”
 

 11 U.S.C. § 523(d). The statute thus authorizes an award of fees if the debt is a consumer debt and the creditor’s position was not substantially justified, unless special circumstances would make the award unjust.
 
 [2]
 
 In denying Burns’ request for
 
 *363
 
 fees, the bankruptcy court enigmatically stated only that “this debt is not that type of debt upon which attorney fees should be allowed.” Rec., vol. I, at 11. In affirming the bankruptcy court, the district court assumed that the debt was a consumer debt,
 
 see
 
 77 B.R. at 822, and appeared to rest its decision on a finding that special circumstances would make an award unjust,
 
 id.
 
 at 823. Nonetheless, both parties raise the consumer-debt issue before this court. Determining the appropriate classification of this debt is a legal inquiry which we may undertake de novo.
 
 See In re Booth,
 
 858 F.2d 1051, 1053 n. 5 (5th Cir.1988). Based on the undisputed relevant facts, we conclude that the loan at issue is not a consumer debt to which section 523(d) applies.
 

 The bankruptcy code defines a consumer debt as “debt incurred by an individual primarily for a personal, family, or household purpose.” 11 U.S.C. § 101(7) (1982). The legislative history of this language indicates that it was adapted from the definition used in various consumer protection laws,
 
 see Booth,
 
 858 F.2d at 1054 & n. 9, and the courts have turned to the test articulated in cases decided under those laws to determine when a debt falls within the above description.
 
 See, e.g., id.
 
 at 1054-55;
 
 In re Bell,
 
 65 B.R. 575, 577 (Bankr.E.D.Mich.1986);
 
 In re Almendinger,
 
 56 B.R. 97, 99 (Bankr.N.D.Ohio 1985);
 
 see also Zolg v. Kelly (In re Kelly),
 
 841 F.2d 908, 913 (9th Cir.1988) (relying on
 
 In re Bell).
 
 Under this standard a credit transaction is not a consumer debt when it is incurred with a profit motive.
 
 See, e.g., Booth, 858
 
 F.2d at 1055 (debt not a consumer debt if “incurred with an eye toward profit);
 
 Kelly,
 
 841 F.2d at 913 (debt incurred for “profit-seeking activities” plainly not consumer debt).
 

 In this case, Burns testified that he wanted the loan at issue to obtain money to
 

 invest in the stock market, and that the loan proceeds were used to buy stock.
 
 [3]
 

 See
 
 rec., vol. Ill, at 92-94. Taking out a loan in order to play the stock market is clearly a transaction entered into with a profit motive.
 
 See Almendinger,
 
 56 B.R. at 99 (use of credit card cash advances to pay off investment losses and reinvest in stock market does not create consumer debt). Indeed Burns testified that he had planned to sell the stock when the price went up, pay off the loan, and retain the profit.
 
 Id.
 
 at 94. Accordingly, we conclude that the debt is not a consumer debt. Burns is not therefore entitled to an award of attorney fees under section 523(d).
 

 The judgment is AFFIRMED.
 

 [1]
 

 . After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 

 [2]
 

 . The statute mirrors the language of the Equal Access to Justice Act (EAJA), which states:
 

 "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action,
 
 unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."
 

 28 U.S.C. § 2412(d)(1)(A) (1982 & Supp. V 1987) (emphasis added).
 

 Contrary to the view expressed by the district court,
 
 see Citizens Nat'I Bank v. Burns (In re Burns),
 
 77 B.R. 822, 823 n. 1 (D.Colo.1987), Congress used this language deliberately to indicate its intent that the EAJA standard be incorporated into the fee determination under section 523(d).
 

 "The Committee, after due consideration, has concluded that amendment of this provision to incorporate the standard for award of attorney’s fees contained in the Equal Access to Justice Act strikes the appropriate balance between protecting the debtor from unreasonable challenges to dischargeability of debts and not deterring creditors from making chai-
 
 *363
 
 lenges when it is reasonable to do so. This standard provides that the court shall award attorney's fees to a prevailing debtor where the court finds that the creditor was not substantially justified in challenging the dis-chargeability of the debt, unless special circumstances would make such an award unjust.”
 

 S.Rep. No. 65, 98th Cong., 1st Sess. 9-10 (1983).
 

 [3]
 

 . Although the Bank's loan officer denied that Burns
 
 told
 
 him the loan proceeds were to be invested in the stock market, the Bank presented no evidence to dispute Burns’ assertion that he in fact obtained and used the money to buy stock.