In re Steven Frank **HARVEY**, Debtor.

**AMERICAN SAVINGS BANK, a National Association, Appellant,**

v.

**Steven Frank HARVEY, Appellee.**

**BAP No. NC–93–2246–GPMe.
Bankruptcy No. 93–10791.
Adv. No. 93–1158.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 19, 1994.

Decided Sept. 15, 1994.

Amended Oct. 6, 1994.

---

**316**

C. Laine Lucas, Concord, CA, for appellant.

Caryl Maniscalco, Santa Rosa, CA, for appellee.

Before GREENWALD [1], PERRIS [2] and MEYERS, Bankruptcy Judges.

## AMENDED OPINION

GREENWALD, Bankruptcy Judge:

American Savings Bank ("American Savings") filed a dischargeability complaint against the Debtor, Steven Frank Harvey, and brought the action to trial. The bankruptcy court entered a judgment in favor of the Debtor and awarded him attorney's fees pursuant to 11 U.S.C. § 523(d) [3]. American Savings appeals the bankruptcy court's decision awarding the Debtor attorney's fees. We AFFIRM.

Further, the Debtor requests attorney's fees for costs incurred defending the instant appeal. We DENY this request.

### I. FACTS

The Debtor, Steven Frank Harvey, filed his petition under Chapter 7 on March 31, 1993. The Debtor listed American Savings in his schedules as an unsecured creditor in the amount of $5,132.92. On March 31, 1993, American Savings filed a complaint to determine whether this debt was dischargeable pursuant to § 523(a)(2)(A). [4]

American Savings' dischargeability action came before the bankruptcy court for trial on October 8, 1993. After American Savings completed its case-in-chief, the Debtor requested a judgment in favor of the Debtor

---

**1.** Honorable Arthur M. Greenwald, Bankruptcy Judge for the Central District of California, sitting by designation.

**2.** Honorable Elizabeth L. Perris, Bankruptcy Judge for the District of Oregon, sitting by designation.

**3.** Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**4.** § 523(a)(2)(A) provides:

(a) A discharge under section 727, 1141, 1228(a) does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

pursuant to Rule 7052[5], contending that American Savings failed to establish a prima facie case of fraud. The court granted this motion.

The Debtor then requested attorney's fees pursuant to § 523(d). In opposing the Debtor's request, American Savings did not contend that there existed "special circumstances" which would make the award of attorney's fees unjust. However, it took the position that an award under § 523(d) required a finding of bad faith.

Rejecting this contention, the bankruptcy court awarded attorney's fees in the amount of $1,539.51, determining that American Savings was not "substantially justified" in proceeding to trial on its dischargeability complaint.

A judgment in favor of the Debtor was entered on November 2, 1994. American Savings filed its timely notice of appeal on November 4, 1993.

## II. STATEMENT OF THE ISSUES

Whether the bankruptcy court correctly awarded attorney's fees to the Debtor pursuant to § 523(d) despite a finding that American Savings had not acted in bad faith.

Whether the bankruptcy court correctly awarded attorney's fees to the Debtor even though the court stated at trial that "there may have been enough to file the complaint."

Whether the Debtor is entitled to attorney's fees on appeal pursuant to Rule 38, Fed.R.App.P.

## III. STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are reviewed *de novo*. *Wien Air Alaska, Inc. v. Bachner*, 865 F.2d 1106, 1108 (9th Cir.1989); *In re Itule*, 114 B.R. 206, 209 (9th Cir. BAP 1990).

5. Fed.R.Civ.P. 52(c), as incorporated by Fed. R.Bankr.P. 7052, provides as follows:

If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense

## IV. DISCUSSION

*Bad faith is not a requirement under § 523(d).*

■ Bankruptcy Code Section 523(d) provides in pertinent part:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

In order to prevail on a motion for attorney's fees under § 523(d), a debtor must prove that:

(1) the creditor requested a determination of the dischargeability of the debt, (2) the debt is a consumer debt, and (3) the debt was discharged. *In re Kullgren*, 109 B.R. 949, 953 (Bankr.C.D.Cal.1990).

*FCC Nat. Bank v. Dobbins*, 151 B.R. 509, 511 (W.D.Mo.1992). Once the debtor establishes these elements, the burden shifts to the creditor to prove that its actions were substantially justified. *Id.* at 511 (citing *In re Rhodes*, 93 B.R. 622, 624 (Bankr.S.D.Ill. 1988)).

■ The three elements set forth in *FCC Nat. Bank* have been satisfied in this case. American Savings filed a dischargeability complaint, which involved consumer debts incurred on a credit card. Further, the Debtor prevailed at trial.

However, American Savings did not meet its burden of proving that its actions were substantially justified. Although the bankruptcy court noted that American Savings

that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

had not acted in bad faith, it concluded that American Savings presented insufficient evidence to justify bringing the matter to trial.

American Savings contends that the bankruptcy court should not have awarded attorney's fees to the Debtor, as it interprets § 523(d) to require a finding that a creditor acted in bad faith. American Savings relies on *In re Fulwiler*, 624 F.2d 908 (9th Cir. 1980) for the proposition that bankruptcy courts may award fees in dischargeability actions only where a creditor brought the proceeding in bad faith or to harass the debtor.

■ *In re Fulwiler* was decided under § 17 of the Bankruptcy Act, which did not expressly authorize bankruptcy courts to award attorney's fees. Therefore, the Ninth Circuit followed the "American Rule,"[6] and concluded that bankruptcy courts may award attorney's fees

to successful bankrupts under Section 17 only where the creditor brought the proceeding in bad faith or to harass the bankrupt. There appears to be no other basis on which such an award could be founded.

*In re Fulwiler* at 910 (footnotes omitted).

However, the Bankruptcy Reform Act of 1978 effected a policy shift on the award of attorney's fees to debtors in non-dischargeability proceedings. *Id.* at n. 2. Unlike § 17 of the Bankruptcy Act, § 523(d) of the Bankruptcy Code expressly authorizes bankruptcy courts to award attorney's fees in non-dischargeability actions under § 523(a)(2) involving a consumer debt. As a result, *In re Fulwiler* is not dispositive of this appeal, nor is it persuasive.

The Sixth Circuit has held that an award of attorney's fees under § 523(d) is not dependent upon a finding of bad faith or frivolity. *In re Carmen*, 723 F.2d 16, 17–18 (6th Cir.1983). In this regard, the Court of Appeal stated as follows:

The Senate version of § 523(d) provided that the prevailing debtor "may" be award-

ed costs and a reasonable attorney's fee if the court found that the dischargeability proceeding was "frivolous" or not brought by the creditor in "good faith." S.Rep.No. 989, 95th Cong., 2d Sess. 80, *reproduced in* 1978 U.S.Code Cong. & Ad.News 5787, 5866.... The final enacted version of § 523(d) ... replaced the Senate version's "frivolous/lack of good faith" language with a statement that costs and a reasonable attorney's fee must be awarded "unless such granting of judgment would be clearly inequitable."

*Id.*

■ Section 523(d) was subsequently amended in 1984 in order to give the bankruptcy court more discretion in granting or denying a request for attorney's fees pursuant to § 523(d). *In re Goss*, 149 B.R. 460, 462–63 (Bankr.E.D.Mich.1992). Prior to 1984, § 523(d) required an award of costs and fees unless the creditor could show that the award would be clearly inequitable. *In re Kullgren*, 109 B.R. 949, 953 (Bankr. C.D.Cal.1990). However, the 1984 amendment did not reintroduce the frivolous/lack of good faith standard omitted from the Senate version of § 523(d) in 1978. Rather, the legislative history of § 523(d) indicates that a creditor "must show that its challenge had a reasonable basis both in law and in fact." S.Rep. No. 65, 98th Cong., 1st Sess. 58, 59 (1983) (accompanying S. 445 Omnibus Bankruptcy Improvements Act of 1983, the forerunner to the Bankruptcy Amendment Act of 1984).

■ Accordingly, this court holds that a bankruptcy court shall award attorney's fees to a debtor under 523(d), absent a finding that the creditor acted in bad faith, unless the creditor establishes that its non-dischargeability action had a reasonable basis in law and fact, or special circumstances exist.

*An award of attorney's fees under § 523(d) is not limited to an examination of a creditor's decision to file the complaint.*

■ American Savings further contends that the Debtor is not entitled to attorney's

---

**6.** Under the American Rule, a prevailing litigant is not entitled to collect attorney's fees from the non-prevailing party absent statutory authorization, an enforceable contract provision or special circumstances, such as where the litigant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

fees pursuant to § 523(d) as its decision to file the complaint was substantially justified. However, the bankruptcy court did not find that American Savings was substantially justified in bringing the complaint. Rather, the court stated at trial that, although "there may have been enough to file the complaint," there was insufficient evidence to justify bringing the matter to trial.

■ We do not accept the proposition that a court's focus is limited to an examination of the creditor's decision to file a dischargeability complaint when applying § 523(d). Rather, the bankruptcy court shall award attorney fees pursuant to § 523(d)

whenever the court finds that the plaintiff proceeded with its case past a point where Plaintiff knew or should have known that it could not carry its burden of proof. *See Manufacturer's Hanover v. Hudgins*, 72 B.R. 214, 220–21 (N.D.Ill.1987).

*In re Shurbier*, 134 B.R. 922, 928 (Bankr. W.D.Mo.1991). *See also In re Friend*, 156 B.R. 257, 262 (Bankr.W.D.Mo.1993).

The legislative history of § 523(d) does not contradict this interpretation.

The purpose of § 523(d) is to discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978) U.S.Code Cong. & Admin.News, pp. 5787, 5865, 5963, 6320.

*In re Itule*, 114 B.R. 206, 213 (9th Cir. BAP1990). However, the legislative history does not suggest that a bankruptcy court may not award attorney's fees if it determines that a creditor pursues a non-dischargeability action to a point where it knew or should have known that it could not carry its burden of proof.

■ In this case, the bankruptcy court stated at trial that American Savings' non-dischargeability action "was very flimsy, and that there was basically no evidence at all, or very slight evidence, of the possibility of fraud." This determination is sufficient to support an award of attorney's fees pursuant to § 523(d), as American Savings did not have a reasonable basis in law or fact to bring its action to trial.

*The Debtor is not entitled to attorney's fees on appeal.*

■ The Debtor requests this panel to award a reasonable attorney's fee to compensate for the costs of defending American Savings' appeal. The Debtor claims that American Savings was not substantially justified in bringing this appeal.

■ An appellate court has the authority under Rule 38, Fed.R.App.P., to award damages for a frivolous appeal. *In re Vasseli*, 5 F.3d 351, 353 (9th Cir.1993). The Bankruptcy Appellate Panel has relied on Rule 38, Fed.R.App.P., when deciding whether to award sanctions on appeal from a bankruptcy court decision. *See In re Burkhart*, 84 B.R. 658, 661 (9th Cir. BAP 1988). Pursuant to Rule 38, Fed.R.App.P., "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous when the result is obvious or the appellant's arguments are wholly without merit. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir.1991).

The recent Ninth Circuit Court of Appeals decision *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360 (9th Cir.1994), found that the 1987 modification to Fed.R.Bankr.P. 9001(4), regarding the definition of the word "court," has rendered Fed.R.Bankr.P. 9011 applicable to appeals from bankruptcy court decisions being heard by the United States District Courts. We recognize that a question now exists as to whether the Panel should now look to Rule 9011, or to Fed.R.App.P. 38, when considering sanctions on appeal.

We need not decide the question of the proper source of authority to assess appellate sanctions, because the Panel would not award sanctions under Rule 38 as we find that this appeal is not frivolous. Nor would we grant sanctions under Rule 9011, even in light of the recent Ninth Circuit decision in *In re Marsch*, 36 F.3d 825 (9th Cir.1994), which gives direction regarding the proper analysis

of language contained in Rule 9011 regarding the overlapping between "frivolousness" and "improper purpose."

In finding that this appeal is not frivolous we are not persuaded by American Savings' arguments but they are not wholly without merit. As stated by the Seventh Circuit in *N.L.R.B. v. Lucy Ellen Candy Division,* 517 F.2d 551, 555 (7th Cir.1975):

> notwithstanding the overburdened condition in which the courts now find themselves we would not desire to take action that could become the basis of chilling the assertion of rights reasonably held in good faith by virtue of imposing a penalty because of a failure to prevail in the litigation.

Further, the Court of Appeals for the Third Circuit

> has been reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred.

*Hilmon Co., (V.I.) Inc. v. Hyatt Int'l,* 899 F.2d 250, 253 (3rd Cir.1990). *See also Leidholdt v. L.F.P. Inc.,* 860 F.2d 890, 896 (9th Cir.1988), *cert. denied,* 489 U.S. 1080, 109 S.Ct. 1532, 103 L.Ed.2d 837 (1989) (noting that sanctions may serve to chill zealous advocacy). Accordingly, the Debtor's request for attorney's fees is DENIED.

## V. CONCLUSION

We AFFIRM the bankruptcy court's award of attorney's fees pursuant to § 523(d), and decline to award the Debtor attorney's fees on appeal pursuant to Rule 38, Fed.R.App.P.