In re Laura Ann STOLTZ, Debtor.

**Brattleboro Housing Authority, Plaintiff,**

v.

**Laura Ann Stoltz, Defendant.**

**Bankruptcy No. 97–12879.**
**Adversary No. 00–1031.**

United States Bankruptcy Court, D. Vermont.

Sept. 27, 2001.

Geoffry Walsh, Vermont Legal Aid, Inc., Springfield, VT.

Rebecca A. Rice, Cohen & Rice, Rutland, VT.

***MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR COSTS AND FEES UNDER 11 U.S.C. § 523(d)***

COLLEEN A. BROWN, Bankruptcy Judge.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and finds that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

### BACKGROUND

The complaint filed in this action sought a determination that certain rent the defendant, Laura Ann Stoltz, allegedly owed to the plaintiff, Brattleboro Housing Authority (hereafter "BHA"), for the months of September and October, 1999, in the amount of $722, was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). The defendant filed a motion seeking summary judgment on June 20, 2001 [Dkt. # 22–1], accompanied by a Motion for Assessment of Attorney's Fees and Costs Pursuant to 11 U.S.C. § 523(d) [Dkt. # 23–1], a Statement of Uncontested Facts and a Memorandum in Support of Motion for Summary Judgment and for Assessment of Costs and Fees Pursuant to 11 U.S.C. § 523(d). Upon consent of the defendant, the plaintiff was given an extension of time to file a response to the summary judgment motion. The plaintiff's response alleged the existence of various genuine issues of material fact and further alleged that an award of attorney's fees should be denied on the grounds that the plaintiff was substantially justified in filing the complaint. Defendant filed a Reply re-asserting the merits of her summary judgment motion

and taking issue with the plaintiff's contention that the complaint as substantially justified. The plaintiff never filed an objection to the defendant's statement of uncontested facts. The Court scheduled a hearing on the motion for summary judgment for August 21, 2001, and informed counsel that it intended to issue a ruling at that time. Prior to the hearing, however, counsel for the parties jointly contacted the Clerk's Office and informed the courtroom deputy that they wanted to put new information on the record before the Court issued its ruling.

At the outset of the August 21st hearing, the plaintiff's counsel made an oral motion to dismiss its complaint. The defendant's counsel indicated he did not object to the voluntary dismissal of the complaint provided the Court allowed the defendant's claim for attorney's fees and costs to proceed notwithstanding the complaint being dismissed. Pursuant to Rule 7041 Fed. R.B.P and Rule 41(a)(2) of the Fed. R.Civ. P., after an answer or motion for summary Judgment has been filed, as in this adversary proceeding, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." On August 21st, this Court ruled from the bench and, applying Rule 41(a)(2), ordered that the complaint would be dismissed but that the dismissal was without prejudice to the defendant proceeding with its pending request for an assessment of attorney's fees and costs. The Court also informed counsel for both parties that it would consider memoranda of law on the question of the Court's authority to award attorney's fees under § 523(d) in light of the fact that the defendant has been represented by Vermont Legal Aid, Inc.

### FACTS

The Court finds that the material facts are the facts asserted in the Defendant's Statement of Uncontested Facts and the Court hereby adopts them as its factual findings:

1. Plaintiff Brattleboro Housing Authority ("BHA") filed this action on May 22, 2000 seeking a determination that a portion of two months of unpaid residential rental charges of the debtor were non-dischargeable debts under 11 U.S.C. § 523(a)(2). (Complaint, Exhibit 18).

2. In the Complaint, BHA alleged that a portion of the debts for September and October 1999 public housing rent could be traced to a failure of the debtor to report increased earnings for two earlier months, July and August 1999. (Complaint, Exhibit 18).

3. In the summer of 1999 the debtor changed jobs, leaving her position at Omega Optical to take a new position at C & S Wholesale grocers. However, the debtor had no increased earnings during July and August 1999 that would have caused her rent for September and October 1999 to be calculated at higher levels. (Stoltz Declaration, Exhibit 16, para. 5–15).

4. The debtor's average weekly earnings for the first eight weeks at her new C & S job were less than her average weekly earnings for her last eight weeks at her old (Omega) job. (Stoltz Declaration, Exhibit 16, para. 11, 12).

5. Overall, for similar time worked, the debtor earned slightly less for the last six months of 1999 (working for C & S) than she had earned during the first six months of 1999 (working for Omega). (Stoltz Declaration, Exhibit 16, para. 13).

6. Before it filed this action in May 2000, BHA had the information within its own records necessary to determine whether the debtor had increased unreported income for the months of July and August 1999. (Exhibits 3H, 3J and 4F, 3A; Deposition of Ruth Williams).

7. Before it filed this action in May 2000 BHA had the ability to obtain earnings information about the debtor form Omega and C & S in order to verify the precise earnings of the debtor both before and after her job change in the summer 1999. (Ruth Williams Deposition).

8. Despite its ability to obtain complete and correct information about the debtor's 1999 earnings, BHA filed this action in May 2000 based upon factual contentions that were not true.

## STANDARD FOR AWARDING ATTORNEY'S FEES AND COSTS UNDER 11 U.S.C. § 523(d)

The matter before the Court is the defendant's request for an assessment of costs and attorney's fees pursuant to 11 U.S.C. § 523(d). That statute provides as follows:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The gravamen of the complaint is straightforward. The plaintiff alleges that the lease between these parties requires the debtor to inform plaintiff of any change in her income within 10 days of the change; that the debtor's income increased significantly in July, 1999; that the debtor failed to notify the plaintiff of this change in income until October, 1999; that as a result of the change in income the debtor's rent "increased dramatically"; and that as a result of the debtor's failure to report her change of income, the debtor was undercharged rent for the months of September, 1999 and October, 1999 in the amount of $722. The complaint seeks to except this alleged $722 claim from discharge based upon the provisions of § 523(a)(2), which directs that any debt that was obtained by false pretenses or representation, actual fraud, or a materially false writing by the debtor shall be excepted from discharge. The plaintiff has withdrawn the complaint on the grounds that the creditor has come to a determination that in light of the small amount actually at stake further proceedings are not warranted.

■ To prevail on her request for attorneys fees and costs under § 523(d), the petitioning debtor must demonstrate: (1) the action sought relief under § 523(a)(2); (2) the action was based upon a consumer debt; and (3) the debt in question has, or will be, discharged. *See In re Harvey,* 172 B.R. 314, 317 (9th Cir. BAP 1994); *In re Randolph,* 28 B.R. 811 (Bankr.E.D.Va. 1983). Once the debtor establishes these elements, the burden shifts to the creditor to prove that its actions were substantially justified or that special circumstances exist which would render the award unjust. *See In re Hunt,* 238 F.3d 1098 (9th Cir.2001) (creditor has the burden of proving that its position is substantially justified); *In re Grant,* 237 B.R. 97, 120 (Bankr.E.D.Va. 1999); *In re Harvey,* 172 B.R. at 317; *In re Woods,* 69 B.R. 999 (Bankr.E.D.Pa. 1987).

## DISCUSSION

█ The complaint clearly asserts that the BHA is seeking relief under § 523(a)(2) and therefore the first element of the § 523(d) inquiry is satisfied. [*See* complaint, at paras. 1, 13] Likewise the complaint identifies the debt in question to be one that the creditor claims is owed for residential rent in its housing. This Court finds that a debt for an individual's unpaid residential property rent fits within the definition of consumer debt set forth in 11 U.S.C. § 101(8). *See In re Grant,* 237 B.R. at 120. It is undisputable that this debt will be discharged because the subject complaint has been dismissed, there is no other complaint pending challenging the debtor's right to discharge this obligation, the time for filing a complaint objecting to the discharge of this debt has expired, and there is no other basis for excepting this debt from discharge. Therefore, the Court finds that the debtor has met her burden of proof and has specifically established the threshold requirements for an award of attorney's fees and costs under § 523(d).

█ The issue hence becomes whether the plaintiff has demonstrated that its position was substantially justified or whether there are special circumstances in this proceeding which would make an award of fees and costs unjust. Based upon the Statement of Uncontested Facts and the exhibits submitted in support of the summary judgment motion, this Court finds that the uncontested facts establish that the debtor did not fail to report an increase in income or otherwise mislead the plaintiff with respect to the amount of her

income. In fact, the record reflects that the debtor's income actually declined during the time period in question.[1] The Court further finds that the plaintiff had access to, or the ability to obtain, information that would have demonstrated that the defendant's income did not "increase dramatically" during the time period in question before it filed the complaint. The creditor had authority to contact the debtor's employer in June, 2000 or to inquire of the debtor at any time as to her income during the subject time period, and failed to do so prior to filing the complaint. The testimony of the creditor's employees is that the BHA did not inquire of either the employer or the debtor, as to her income after the change of employment at any time prior to the filing of the complaint. [*See* Deposition of Ruth Williams, dated Apr. 27, 2001, at pp. 23–24; Deposition of Ann Jones, dated Apr.27, 2001, at pp. 24–26].

█ The award of these costs and reasonable attorney's fees is generally mandated upon the showing of legally sufficient facts. *See In re Williamson,* 181 B.R. 403, 408 (Bankr.W.D.Mo.1995); *see also In re Harvey,* 172 B.R. 314, 319 (9th Cir. BAP 1994)(a finding of "basically no evidence at all, or very slight evidence, of the possibility of fraud" supported award of fees under § 523(d)). Here, the record demonstrates that the plaintiff failed to undertake a reasonable investigation to determine the veracity and legal sufficiency of its allegations of debtor misconduct under § 523(a)(2) prior to filing the complaint, and that if it had done so it would have readily determined that there was no substantial justification for filing a com-

---

1. While the record may be consistent with a finding that the debtor failed to notify the creditor of her change in employment within the time period set in the lease, the allegation in the complaint is that this failure resulted in a debt becoming due to the creditor. The creditor has not proved any debt and did not plead a breach of contract cause of action. Hence, even if breach of contract is found it does not provide substantial justification for the filing of a § 523(a)(2) complaint.

plaint. Accordingly, the Court finds that the plaintiff has failed to establish that it was substantially justified in commencing this action.

■ The Court is aware that the statute authorizes it to withhold an award under § 523(d)where there are special circumstances that would make the award unjust, but the creditor has not demonstrated, and this Court does not find, any such circumstances here. The creditor has failed to put forth any grounds which would justify denying the fees and costs due to the debtor under § 523(d), In fact, the Court finds the award to be particularly warranted here because this plaintiff—unlike general or credit card creditors—is in the business of assisting low-income individuals and should be acutely aware of both a debtor's inability to afford litigation and the special hardships under which its tenants struggle. As indicate above, the BHA also had the means to obtain the pertinent information prior to suit, but chose not to do so. Hence, though under any standard the BHA has failed to put forth sufficient facts to establish special circumstances, the BHA's failure to gather its facts prior to filing a complaint against a tenant is especially egregious.

■ The Court has raised the issue of whether it's authority to award attorney's fees and costs is in anyway limited by virtue of the fact that the debtor in this matter is represented by a legal aid society that is not charging her a fee. The debtor submitted a memorandum of law to address this issue; the creditor did not. The Court finds that the *pro bono* nature of the debtor's representation does not in any way restrict the Court's authority to assess attorney's fees and costs under § 523(d). In the recent case of *In re Hunt*, 238 F.3d 1098 (9th Cir.2001), the Ninth Circuit Court of Appeals addressed the precise question presented here and

found that indeed the Bankruptcy Court may and should award costs and attorney's fees under § 523(d) when the debtor is represented by a legal services entity that does not charge any fees to the debtor if the requirements of the statute are otherwise satisfied and the creditor failed to satisfy the special circumstances defense. Other courts have considered the applicability of § 523(d) to *pro bono* attorneys and have likewise ruled that in a § 523(d) action litigants who are under no obligation to pay their attorneys for their representation "... are nevertheless entitled to recover attorney's fees where an allowance would otherwise be proper." *In re Randolph*, 28 B.R. at 813, citing *Bills v. Hodges*, 628 F.2d 844, 847 (4th Cir.1980); *see also In re Williamson*, 181 B.R. at 409. This Court finds the reasoning of these courts to be compelling and holds that it may award costs and attorney's fees, notwithstanding the fact that the defendant/debtor is represented by a legal aid organization, if the facts and circumstances satisfy the statutory requirements of 11 U.S.C. § 523(d).

■ Once a determination is made that fees and costs should be assessed the Court must determine to whom the attorney's fees and costs should be paid in this situation of *pro bono* services. The record indicates that the debtor has incurred certain out-of-pocket costs which arose solely and specifically out of the prosecution of the subject complaint, [*see* Defendant's Motion for Assessment of Attorney's Fees and Costs, at par. 5]. Clearly, any award of costs which the debtor has actually paid should be delivered to her, as reimbursement for what she paid to defend against the plaintiff's allegations. *See In re Williamson*, 181 B.R. at 409. If, though, attorney's fees were not paid by the debtor, any award of attorney's fees shall be payable to Vermont Legal Aid, Inc., since it is

that entity which incurred the time and expense of defending the debtor in this action. The clear intent of § 523(d) is to penalize creditors who bring unwarranted lawsuits challenging dischargeability against consumers under § 523(a)(2). *See In re Hunt,* 238 F.3d at 1104; *In re Poirier,* 214 B.R. 53, 55 (Bankr.D.Conn.1997); *In re Williamson,* 181 B.R. at 409. While a determination of an award under this section should not turn on the question of whether the debtor was actually required to pay an attorney, it likewise should not result in a windfall to the debtor. Thus, in the interest of justice this Court finds that the debtor's attorney, rather than the debtor, is the entity entitled to an award of attorney's fees for legal services rendered on behalf of the debtor in this proceeding.

The primary basis for awarding fees and costs in this proceeding is to penalize the creditor/plaintiff who commenced this adversary proceeding when it knew or should have known that the facts available to it did not support the allegations necessary to its prayer for relief. *See In re Cameron,* 219 B.R. 531, 540 (Bankr.W.D.Mo.1998)("reasonable investigation" and factual analysis would have disclosed lack of substantial justification for adversary proceeding). Specifically, BHA should have reviewed the information about the debtor's income and realized that it had no claim against her and, therefore, could have no grounds for alleging that its debt was non-dischargeable under § 523(a)(2) before commencing this proceeding.

■ This Court's intent in awarding fees and costs is twofold. First, such awards are intended to underscore that creditors are under a legal obligation to conduct a reasonable investigation of the underlying facts and law prior to commencing an adversary proceeding alleging debtor misconduct under § 523(a)(2), particularly with regard to the dischargeability of consumer debts, and that their failure to do so carries with it the real risk of penalty. Secondly, such awards compensate legal aid organizations that provide crucial services and valuable assistance to the indigent persons of this district when their services are necessary because of improperly commenced litigation against parties who cannot afford private counsel. The Court is persuaded that the award to Vermont Legal Aid, Inc. is legally permissible. The Court finds that a payment to Vermont Legal Aid, Inc. in an amount equal to the reasonable value of the services it provided to the debtor in this proceeding will provide compensation for the exemplary legal services rendered here, will help fluid future representation of indigent debtors in this district, and will serve the purpose underlying 11 U.S.C. § 523(d). The debtor in this proceeding was indeed fortunate to have had such excellent representation, for without such a zealous and competent advocate she might have felt she had no choice (economically and otherwise) but to succumb to the allegations and demands of the creditor.

### *CONCLUSION*

Based upon the foregoing, the defendant's motion to voluntarily dismiss its complaint is granted, however, pursuant to Rule 41(a)(2) of the F.R. Civ. P, that dismissal is conditioned upon this Court's reservation of jurisdiction to assess attorney's fees and costs; and the Court hereby grants reasonable attorney's fees to Vermont Legal Aid, Inc. and reimbursement of expenses to the debtor.

The debtor/defendant is directed to submit, by September 10, 2001, an affidavit itemizing the reasonable value of the attorney services rendered in this proceeding and certifying any costs incurred by the debtor. The plaintiff is directed to submit,

by September 17, 2001, any response or objection it has to the amount sought by the debtor/defendant and/or her attorney.

The defendant shall submit an Order consistent with this decision within five (5) days.

### ORDER GRANTING PLAINTIFF'S ORAL MOTION TO DISMISS COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR COSTS AND FEES UNDER 11 U.S.C. § 523(d) AND FIXING FEES AND COSTS

This matters before the Court are the plaintiff's *ore tenus* Motion to Dismiss Complaint presented at the hearing held August 21, 2001 and the defendant's Motion for Assessment of Attorney's Fees and Costs Pursuant to 11 U.S.C. § 523(d) [Dkt. # 23–1] dated June 20, 2001. This Court issued its Memorandum of Decision regarding the foregoing on August 27, 2001, wherein the oral motion to dismiss and motion for costs and fees were granted, the defendant was directed to submit an affidavit itemizing the reasonable value of attorney services rendered in this proceeding and to certify any costs incurred by September 10, 2001, and the plaintiff was directed to submit any response or objection to same by September 17, 2001. The defendant submitted her Affidavit of Geoffry Walsh, Esq. in Support of Claim for Attorneys Fees and Costs timely; the plaintiff has not submitted any response or objection to the fees and costs specifically requested by the defense.

▮ Upon a careful review of the attorney time incurred in the defense of this cause and the related costs incurred as reflected by the carefully detailed application and supporting documentation submitted on behalf of the defendant, and an assessment of these sums in relation to the nature of the litigation, its related complexities, quality of legal services and the results obtained, and based upon the reasons set Forth in the August 27, 2001 Memorandum of Decision, it is

ORDERED AND ADJUDGED that the plaintiff's *ore tenus* motion to dismiss is hereby GRANTED subject to a ruling by this Court on the defendant's motion for costs and fees; and

IT IS FURTHER ORDERED AND ADJUDGED that the defendant's Motion for Assessment of Attorney's Fees and Costs Pursuant to 11 U.S.C. § 523(d) is hereby GRANTED.

THIS COURT FINDS that the $125.00 per hour rate charged for the attorney services rendered herein by defense counsel, Vermont Legal Aid, Inc., is reasonable and that 27.3 hours constitutes a reasonable amount of time spent by defense counsel in this adversary proceeding; and

THIS COURT FURTHER FINDS that the $259.70 of the costs incurred by Vermont Legal Aid, Inc. in the defense of this adversary proceeding is reasonable and necessary.

IT IS THEREFORE ORDERED AND ADJUDGED that Vermont Legal Aid, Inc. is entitled to a reasonable attorney's fee award in the amount of $3,412.50 and costs in the amount of $259.70; and

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff, Brattleboro Housing Authority, is directed to pay the sum of $3,672.20 directly to Vermont Legal Aid, Inc. within 20 days of this order becoming final.

SO ORDERED.